Wood, J.
The issue made up, in this case, raises the question whether the act of 1810, in force when the husband of the complainant died, closes the door against relief, or whether the complainant is otherwise barred by lapse of time? In some of the states it has been decided, that their statutes of limitations are not to be applied to a suit for dower. 4 N. H. 107; 6 Johns. Ch. 194. But such adjudications appear to have grown out of the peculiar phraseology of their laws. In Jones v. Powell, 6 Johns. Ch. 194, the chancellor seems to place it entirely upon that ground, the statute of New York providing, that the widow may, at any time, during her life, demand her dower. To have limited the complainant to any number of years, therefore, for the exercise of that right, would have repealed both the letter and the spirit of the act. The statute of Ohio, however, contains no words of similar import. It enacts, “ That the widow shall be endowed of one full, equal third part of all lands, tenements, and real estate, of which her husband was seized, as an estate of inheritance, at any time during the coverture,” etc., but is silent as to the time within which the right shall be asserted. 1 Chase’s Laws, 472.
The act of 1810 provides, “ That no person or persons shall hereafter sue, have, or maintain any writ of ejectment, or other action for the recovery of the possession, title, or claim, of, to, or for any land, tenements, or other hereditaments, but within twenty-one years, next after the right of such action or suits shall have accrued,” etc. It will be seen, that it is not only an action 26] of ejectment which is barred *by this statute, but every other action for the recovery of the possession, title, or claim to any land. *27 1 Chase’s Laws, 656. The petition for dower is, substantially, when prosecuted, a possessory action. Its object is the recovery of a private right, the possession of lands, in which the complainant has an estate for life, and would seem to be within tho letter of the act. It is, however, a general rule, both in England and the United States, that statutes of limitation do not, ex vi termini, extend to suits in chancery, yet courts of equity in both countries constantly admit their obligation, and act not only in analogy, but in obedience to their provisions. It is, indeed, well settled, that a statute of limitations will now be applied, in equity, where it would bar the claim at law. 1 Story's Eq. 502; 2 Story’s Eq. 735; 6 Peters, 66. Seaman died in 1815. The right to dower accrues upon the death of the husband. 1 Caine, 159. The complainant filed her petition in 1838, a period of twenty-three years having elapsed after her cause of action arose, and, in our view, the statute is a bar to her claim. But if it were otherwise, the staleness of tho demand would be fatal to its further prosecution, and, independent of the act of limitation, afford a complete defense. Where rights are unreasonably neglected, the presumption is legitimate of an intention to abandon them. “ Nothing,’’ says Lord Camden, in Smith v. Clay, 3 Brown’s Ch. 640, “ can call forth this court into activity, but conscience, good faith, and reasonable diligence; where those are wanting, the court is passive and does nothing. Laches and neglect are always discountenanced, and, therefore, from the beginning of this jurisdiction, there was always a limitation of suit in this court.” This language of Lord Camden is cited with approbation by the Supreme Court of the United States. 9 Peters, 416. In 7 Ohio, 62, the same principle is also recognized by this court.
But it is said by counsel for the complainant, that the case of the Bank of the United States v. Dunseth sustains them in the position, that time does not bar dower. We do not perceive the application of that ease to the one before us. In that, it was *de- [27 cided, that a dowress was not entitled to damages; nothing was raised, nor anything determined, growing out of the statute of limitations, or the lapse of time. Ante, 18.
In the case at bar, therefore, we have been led irresistibly to the conclusion, in both the aspects in which the defense has been considered, that the complainant’s bill should be dismissed with costs.
Bill dismissed.