(Hamilton County, Ohio, Court of Common Pleas.)

WM. LINKENSDORFER, v. JOHN WENTZEL.

*Petition—Appeal must state fact of appeal—*

The petition on appeal in the Common Pleas from a J. P., must aver the fact that the case comes into Court on appeal.

*Demurrer searches record.—Transcript from J. P. as part of record—*

A demurrer searches the record as pleaded. The transcript and original papers from J. P., in appeal cases, are not part of the record as pleaded.

The decisions of Circuit Court of one circuit, although entitled to great respect, are not binding authority for the lower courts, especially not for those of a different circuit.

---

BUCHWALTER, J.

The petition seeks recovery for $25.00, and omits all averment of appeal from the justice's court.

The original petition was in like form, to which Judge Sayler of this court, sustained a demurrer as to jurisdiction of the court.

Plaintiff relies on 1 C. C., 330, McCullough v. Cramblett, (7th Circuit), which is a direct holding in his favor.

The decision is by a divided court, and contrary to the uniform hold-ing of our common pleas courts in this district from time within our memory.

The seventh circuit, not being the reviewing tribunal of this court, does not bind our judgment, though entitled to great respect as an author-ity. Neither is it conclusive authority for the judges of another circuit.

The demurrer searches the record as pleaded. The transcript and original papers of the justice's court are not a part of such pleaded record.

This court has no authority to look at them in the determination of such demurrer to the jurisdiction.

The parties "proceed in all respects as though the action had been originally instituted in the said common pleas court, "section 6587, Revised Statutes, and are required to file their pleadings as in an original action in this court, sections 6589 and 6598; the parties may waive such pleadings, Hallam v. Jacks, 11 Ohio St. 692; yet the plaintiff never becomes entitled to a judgment by default against the defendant except his petition be filed in this court setting up his claim as provided by statute.

The rule that the demurrer searches the record, is that it searches the pleadings of the parties to the end that the judgment should be given against the party whose pleadings were first defective in substance. Trott v. Sachrett, 10 Ohio St. 24, 14; Railroad v. Mowott, 35 Ohio, 284—6, and citations therein.

We deem it better practice, and with more satisfactory results in litigation, for the pleader to waive such technical rights arising under our present code; but the question being raised, can be logically determined only by sustaining the demurrer to the petition.