MODE HOWELL v. A. L. BLESH AND HORACE REED, *Partners Engaged in the Practice of Medicine and Surgery under the Firm Name and Style of* BLESH & REED.

(Filed September 5, 1907.)

(91 Pac. 893.)

1. **APPEAL—Review—Sufficiency of Evidence.** Where the evidence reasonably supports the verdict, the finding of fact will not be disturbed by this court.

2. **SAME—Harmless Error.** Errors committed by a trial court which do not affect the substantial rights of the party against whom it was committed will be ignored on appeal.

3. **HUSBAND AND WIFE—Presumption—Agency.** Where a wife requests medical treatment for an infant, it will be presumed, in the absence of proof, that she is acting as the agent of her husband; but such presumption may be overcome by evidence.

4. **PARENT AND CHILD—Parent's Liability for Medical Expenses.** A father is liable for medical or surgical services rendered his child at the request of his duly authorized agent; also, for hospital service received under similar circumstances.

(Syllabus by the Court.)

*Error from the District Court of Payne County; before Bayard T. Hainer, Trial Judge.*

Affirmed.

*Lowry & Lowry,* for plaintiff in error.

*Chas. E. Bush* and *F. C. Hunt,* for defendants in error.

Opinion of the court by

BURWELL, J.: The son of the appellant, Mode Howell, received an injury to his leg, caused by being thrown from a horse. One Dr. R. W. Holbrook, a physician, was called by Mr. Howell to attend his son. The injury continued to get worse, and other physicians were called in. Finally, there being no improvement in the boy's condition, Holbrook (so he testified) advised Howell that the boy should be taken to a hospital, and that Howell told

him in that connection that he wanted Holbrook to do all for the boy that he could, and that he wanted the leg saved, if possible. Finally, during the absence of Mr. Howell, the boy was taken to the hospital of the appellees at Guthrie, and an incision made in the leg, and the blood clots and pus removed therefrom. He remained in the hospital some thirteen days, receiving the care of the plaintiffs as physicians, as well as the usual hospital service. The appellant insists that he instructed Dr. Holbrook that he did not want his son taken to the hospital at Guthrie. On this point, however, the evidence is conflicting; but the appellant arrived at the hospital the next morning, and, without complaint at what had been done, he let the boy remain in the hospital twelve more days without objection, and without advising the appellees that Holbrook had no authority to put his boy in the hospital. There is also evidence to the effect that Mrs. Howell, the wife of the appellant and mother of the boy, accompanied the boy and Dr. Holbrook to Guthrie, and that she told the appellees before the operation to do what they could for the boy, and, if found necessary, to amputate his leg. The real contention of the appellant is that his boy was put in the hospital without his authority and in violation of his express directions.

We have read the record and believe that the judgment should be sustained. It is probably true that one of the instructions assumes a fact which was in controversy, viz, that the wife acted as the agent of her husband, if she authorized the operation. That she was acting as the agent of her husband was only a presumption, which might be overcome by evidence. We are satisfied, however, that the jury were not misled by this error. The appellant's own conduct after he went to the hospital and learned of the operation was sufficient to authorize the jury in finding that Dr. Holbrook and Mrs. Howell had authority to direct that the operation be performed. The issues involved were issues of fact, and there is ample evidence to sustain the verdict. Under the evidence, the boy would probably have died without the operation, and, while

a physician cannot recover for professional services rendered in the face of objections of one who would be liable therefor, in this case the evidence, taking it altogether, is sufficient to uphold the finding that the services were rendered at the request of the appellant.

Therefore the judgment is hereby affirmed, at his costs.

Hainer, J., who presided in the court below, not sitting; Irwin, J., absent; all the other Justices concurring.