REPRESENTATION OF CHILD IN JUVENILE PROCEEDINGS In counties where there exists an office of public defender, the public defender shall assume the duties of representation of children in juvenile proceedings if the child of his parents are indigent, but the Court may appoint a private attorney in a case where there is no finding of indigency. The Court may order parents of a child against whom a juvenile petition has been filed and who have been determined not to be indigent to pay necessary attorney's fees on behalf of the child. The Attorney General has considered your request for an opinion wherein you ask the following questions: "1. May the Court in a county where there is a Public Defender's Officer appoint a lawyer other than the public defender to represent a juvenile in a matter before the Court? "2. May the parents of a child against whom a juvenile petition has been filed be ordered by the Court to pay necessary attorney's fees on behalf of said child?" Title 10 O.S. 1109 [10-1109](b) (1971) provides: "If the child or his parents, guardian, or other legal custodian request an attorney and is found to be without sufficient financial means, counsel shall be appointed by the court if the child is being proceeded against as a delinquent child, or a child in need of supervision, or if termination of parental rights is a possible remedy, provided that the court may appoint counsel without such request, if it deems representation by counsel necessary to protect the interest of the child or of other parties." Title 19 O.S. 138.1 [19-138.1] (1971) provides: "In each county of this state possessing a population of over two hundred thousand (200,000) according to the Federal Decennial Census of 1960, or any succeeding Federal Decennial Census, there is hereby created the office of public defender, and such office shall be charged upon the order of any judge of a court of record of such county with the protection of the rights of any defendant to a criminal action. The board of county commissioners of such county shall provide for necessary office supplies and equipment and arrange for sufficient office space in the county building, used by courts of record of such county, to permit the efficient and effective operation of the office of public defender." Title 10 O.S. 24 [10-24](a) (1971) provides: "When it appears to the court that the minor or his parent or guardian desires counsel but is indigent and cannot for that reason employ counsel, the court shall appoint counsel. In any case in which it appears to the court that there is such a conflict of interest between a parent or guardian and a child that one attorney could not properly represent both, the court may appoint counsel, in addition to counsel already employed by a parent or guardian or appointed by the court to represent the minor or parent or guardian, provided that in all counties having public defenders said public defenders shall assume the duties of representation in proceedings such as above." (Emphasis added) The intent of the Legislature is clearly manifested in Section 24(a) above to the effect that in counties such as Oklahoma County where a public defender's office exists that public defenders assume the duties of representation in juvenile proceedings when it appears that the child or his parents are indigent. However, in cases where the court finds that the child or his parents are not indigent an attorney other than the public defender may be appointed. It was the intent of the Legislature in Section 24 to require the public defender to represent a juvenile only in cases where it is determined that he or his parents are indigent. As to your second question regarding the authority of a Judge to order the parents of a child against whom a juvenile petition has been filed to pay necessary attorney's fees on behalf of the child, you are referred to Title 10 O.S. 1121 [10-1121](a) (1971) which provides: "In any hearing concerning the status of a child, the court shall have authority to adjudge natural parents, who may be present at the hearing, or who have been served with notice of the hearing, liable and accountable for the care and maintenance of any child or children, and to order the payment of funds for the care and maintenance of the child; and shall have all powers incident to such orders necessary for their enforcement, including the power and authority to require bond or other security for the payment of such order; and may resort to execution and the power of punishment of contempt for non-compliance with such order." The issue is whether the words "care and maintenance" in the Section include legal representation for the child. It has been held in many cases that a parent must furnish medical treatment necessary to the welfare of his child. See Lamb v. State,293 P.2d 624 (1956); Howell v. Blesh, 19 Okl. 260,91 P. 893 (1907). In the case of School Board Dist. No. 18, Garvin County v. Thompson, 24 Okl. 1, 103 P. 578 (1909), it was held that the principal duties of parents to their children includes their maintenance, protection, and education. The words "care and maintenance" in Section 10 O.S. 1121 [10-1121](a) include all necessaries relating to the maintenance, protection, and education of a child. Legal representation to protect a child's rights under the law is as vital as medical care and treatment. It is, therefore, the opinion of the Attorney General that: (1) In counties where there exists an office of public defender, said public defender shall assume the duties of representation of children in juvenile proceedings if the child or his parents are indigent, but the Court may appoint a private attorney in a case where there is no finding of indigency; (2) the Court may order the parents of a child against whom a juvenile petition has been filed and who have been determined not to be indigent to pay necessary attorney's fees on behalf of the child in that legal representation falls within the meaning of the words "care and maintenance" in Section 10 O.S. 1121 [10-1121](a) of Title 10. (Michael Cauthron)