The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question: Whether 10 O.S. 24 [10-24] (1971) requires public defenders, in counties where a public defenders office is maintained, to represent indigent parents in child dependency and neglect proceedings? Title 10 O.S. 24 [10-24] (1971) provides in pertinent part: "(a) When it appears to the court that the minor or his parent or guardian desires counsel but is indigent and cannot for that reason employ counsel, the court shall appoint counsel. In any case in which it appears to the court that there is such a conflict of interest between a parent or guardian and child that one attorney could not properly represent both, the court may appoint counsel, in addition to counsel already employed by a parent or guardian or appointed by the court to represent the minor or parent or guardian, provided that in all counties having Public Defenders, said Defenders shall assume the duties of representation in proceedings such as above." (Emphasis added). It is well settled that legislation will be interpreted according to its plain and ordinary meaning. Terry v. Edgin, Okl., 598 P.2d 228 (1979). Regarding the situation where there exists no conflict of interests between parents or guardians and child, 10 O.S. 24 [10-24], according to its plain and unambiguous meaning, requires that indigent parents or guardians be provided with counsel during child dependency and neglect proceedings. See Matter of Chad S., Okl., 580 P.2d 983 (1978). 10 O.S. 24 [10-24] goes on to provide, plainly and without question, that in all counties wherein a public defender system is maintained, such public defenders must assume the role of counsel for indigent parents or guardians in child dependency and neglect proceedings. We note the use of the mandatory term "shall" in both the requirement that indigent parents or guardians be provided counsel and that the Public Defender act as said counsel in such proceedings. Regarding the situation where there exists a conflict of interests between parents or guardians and child, 10 O.S. 24 [10-24] on its face contemplates the appointment of separate counsel to represent any of the parties in such cases. Moreover, 10 O.S. 24 [10-24] on its face contemplates the appointment of counsel, outside of the Public Defenders Office, to assist any party in a child dependency and neglect proceeding where there exists a conflict of interests. We particularly note the use of the phrase "in addition to counsel already employed by a parent or guardian or appointed by the court . . . ." (Emphasis added). Thus, counsel may be appointed from without- the Public Defenders Office when there exists a conflict of interests between the various parties and where the court determines that the Public Defenders Office cannot justly represent all such parties. It is, therefore, the official opinion of the Attorney General that your question be answered as follows: In child dependency and neglect proceedings, indigent parents or guardians must be represented by the Public Defender in counties which maintain a public defender system. If there exists a conflict of interests between the parties in such cases, the court may appoint additional counsel from without the Public Defenders Office to represent those parties who cannot be justly represented by the Public Defender. (DANNY K. SHADID) (ksg)