8 Cal.App.3d 783 (1970)
87 Cal. Rptr. 678
In re MICHAEL DOUGLAS ROBINSON et al., Persons Coming Under the Juvenile Court Law.
LELAND C. CARTER, as Chief Probation Officer, etc., Plaintiff and Respondent,
v.
CONSTANCE KAUFMAN, Defendant and Appellant. (Five Cases.)
Docket Nos. 35145-35149.
Court of Appeals of California, Second District, Division Two.
June 15, 1970.
*785 COUNSEL
Roy Dankman for Defendant and Appellant.
John D. Maharg, County Counsel, Harold S. Vites and Douglas C. Miller, Deputy County Counsel, for Plaintiff and Respondent.
OPINION
FLEMING, J.
Constance Kaufman, on behalf of herself and her five minor children, appeals a juvenile court order of 17 October 1968 which renewed the status of four of her children as dependents of the court and terminated the dependency status of the fifth child, Michael Robinson. The original order of dependency had been entered in 1963 on the ground that Constance was emotionally disturbed and incapable of providing proper care and supervision for her children. (Welf. & Inst. Code, § 600, subd. (a).) Thereafter, the dependency order was renewed annually as required by statute. (Welf. & Inst. Code, § 729.)
Present at the hearing on 17 October 1968 were appellant Constance, her son Michael, Michael's father Douglas Robinson, Thomas McGurrin (attorney for Douglas Robinson and Michael), and a probation officer who represented the four younger children between the ages of 5 and 10. The court heard Michael testify that he was happy living with his father, and it considered reports on the progress of the children prepared by the probation officer and by a social worker. Thereafter, the court terminated Michael's dependency status and continued in effect the dependency status of the four other children.
(1) 1. Appellant contends the proceedings were defective because neither she nor her children were furnished the services of appointed counsel to which they were entitled under the federal and state Constitutions and under sections 634, 679, 700, and 729 of the Welfare and Institutions Code.
We find no statutory or constitutional right to appointed counsel for either parent or child in a proceeding in which the dependency status of the child is the issue. Sections 634, 679, 700, and 729 of the Welfare and Institutions Code and section 27706, subdivision (e) of the Government Code make it clear that the minor's right to appointed counsel is limited to cases under sections 601 and 602 of the Welfare and Institutions Code (delinquency proceedings) and neither the minor nor the parent is entitled of right to appointed counsel at public expense in a proceeding to *786 adjudicate the dependency status of a child. Cases relied upon by appellant, In re Gault (1967) 387 U.S. 1 [18 L.Ed.2d 527, 87 S.Ct. 1428], and Kent v. United States (1966) 383 U.S. 541 [16 L.Ed.2d 84, 86 S.Ct. 1045], are inapposite since they involved charges of wrongdoing which would fall within sections 601 and 602 of the Welfare and Institutions Code. (2) Gault does not require that the constitutional safeguards of counsel applicable to criminal cases be met in all civil cases, as appellant contends; rather it requires counsel only in cases denominated "civil" which are basically criminal in nature. We view a proceeding to adjudicate the dependency status of a child as a true civil cause, comparable in essentials to a child custody controversy between parents, except that the controversy is not between parents but one between a parent (or parents) and the state as parens patriae.
(3) 2. Appellant contends that section 658 of the Welfare and Institutions Code does not satisfy due process of law because it does not require that notice of hearing be given to minors under the age of 14.
Section 729 requires that notice of hearing be given those persons entitled to notice under section 658, and the latter section requires notice to minors only when they are over the age of 14 (except in delinquency proceedings). In establishing requirements for notice we think it was appropriate for the Legislature to differentiate between minors over 14 and minors under 14, as it has done in other areas of the law. (See Pen. Code, § 26, subd. One; Prob. Code, § 1406.) In a proceeding to pass judgment on a minor's conduct (one under § 601 or 602) notice to minors over the age of eight is required by section 658. But this was not such a proceeding, nor did it involve charges of child misconduct. (See In re Florance, 47 Cal.2d 25, 28-29 [300 P.2d 825].) Since the sole issue at the hearing was that of dependency status, the 5-to-10-year-old children received adequate notification through the notice given their parents and the notice given the probation officer charged with the duty of protecting their interests. (Welf. & Inst. Code, § 581.)
(4) 3. Appellant contends the findings of the court did not comply with the requirements of section 726 of the Welfare and Institutions Code and were not supported by evidence.
This contention is without substance because section 726 only applies when the child is "taken from the physical custody of a parent." In a continued hearing under section 729 to review dependency status the burden is clearly on the parent "to show cause ... why the jurisdiction of the court over the minor should be terminated." Here, the reports of the probation officer and the social worker recommended continuation of the dependency status of four of the children, and those recommendations *787 were in no way controverted by appellant. Clearly she failed to sustain her burden of showing why the children's dependency status should be terminated, and the court's order was properly entered.
The orders are affirmed.
Roth, P.J., and Herndon, J., concurred.
Appellant's petition for a hearing by the Supreme Court was denied October 1, 1970. Peters, J., and Tobriner, J., were of the opinion that the petition should be granted.