13 Cal.App.3d 75 (1970)
91 Cal. Rptr. 382
In re C.E.M., a Person Coming Under the Juvenile Court Law.
WARREN E. THORNTON, as Chief Probation Officer, etc., Plaintiff and Respondent,
v.
C.E.M., Defendant and Appellant.
Docket No. 5500.
Court of Appeals of California, Third District.
November 24, 1970.
*76 COUNSEL
Douglas C. Busath, under appointment by the Court of Appeal, for Defendant and Appellant.
Thomas C. Lynch, Attorney General, Edsel W. Haws and Elliott D. McCarty, Deputy Attorneys General, for Plaintiff and Respondent.
*77 OPINION
PIERCE, P.J.
C.E.M. appeals from an order of the juvenile court entered June 26, 1969, declaring him the ward of the juvenile court and committing him to the California Youth Authority. Count I of the petition filed against C.E.M. was for assault with a deadly weapon with intent to kill. The juvenile court sustained the charge of a lesser offense, assault with a deadly weapon. Count II for willful and malicious discharge of a firearm at an inhabited dwelling house was dismissed.
The following two contentions will be considered on appeal: 1. Denial of appellant's constitutional right to a trial by jury; 2. Denial of his constitutional rights to equal protection and to due process by virtue of the use of the "preponderance of the evidence" standard rather than the "beyond a reasonable doubt" standard of proof now required in juvenile court proceedings. (Re Winship (1970) 397 U.S. 358 [25 L.Ed.2d 368, 378, 90 S.Ct. 1068].)
The first contention is without merit and will be summarily treated. Appellant's second contention, which involves the retroactivity of the rules enunciated in Winship, must be sustained.

FACTS
At approximately 9:30 in the evening of May 27, 1969, several shots were fired in the bleacher area of Norte Del Rio High School in North Sacramento, narrowly missing persons congregated there. Immediately afterward a group of young Negro boys were seen running from the area from which the shots had been fired. They left the school grounds and ran down Arcade Boulevard. At about the same time 14-year-old Darrell Haney was doing the dishes in his family's kitchen in their home at 471 Arcade Boulevard. He observed a large group of young blacks running down Arcade Boulevard followed by a smaller group. Haney was visible to passersby in the street. One of the boys in the second group paused, crouched and aimed what appeared to be a rifle at Haney. Shots were fired, one of which struck Haney. The shooting was witnessed by a Norte Del Rio student named David Holmes and by Mrs. Dolores Journey. Holmes testified that at the time of the shooting it was dark but there were street lights on Arcade Boulevard, and he had been able to identify the boy firing the shot as appellant, whom he knew as a fellow classmate at Norte Del Rio. Holmes initially identified the culprit as Clyde M., appellant's brother, but later corrected the identification to indicate that he had meant appellant. Appellant was identified again by Holmes at both the pretrial lineup and at the juvenile proceedings. Holmes, Mrs. Journey and several other witnesses *78 to the shooting at Norte Del Rio and/or at the Haney home testified that the shots were fired in both cases by a boy wearing a dark shirt or jacket. A dark jacket owned by appellant was identified as similar to that worn by the person firing the shots.
Examination of spent cartridges found in the bleacher area and in the area of the Haney residence showed that they had been fired from the same .22 caliber weapon. The defense presented was one of alibi. The strength of this defense was diminished by the People's rebuttal evidence. It directly contradicted appellant's alibi witnesses.

RIGHT TO A TRIAL BY JURY
(1) Appellant contends that the unavailability of a jury trial in juvenile proceedings represents a deprivation of his constitutional right to equal protection of the law.
Although fundamental due process under the Sixth and Fourteenth Amendments guarantees the right to a jury trial in a state criminal case involving a serious offense (Duncan v. Louisiana (1968) 391 U.S. 145 [20 L.Ed.2d 491, 88 S.Ct. 1444]), the federal Constitution "does not require that the full panoply of rights accorded an adult accused of crime be erected in the juvenile court." (In re Dennis M. (1969) 70 Cal.2d 444, 450-451 [75 Cal. Rptr. 1, 450 P.2d 296]; Re Gault (1967) 387 U.S. 1, 27, 30 [18 L.Ed.2d 527, 545, 547, 87 S.Ct. 1428].) Adoption of trial by jury in the juvenile court would "introduce a strong tone of criminality into the proceedings" (In re Dennis M., supra, p. 456), "destructive of the beneficial purposes of the juvenile court law, not warranted as a due process of law safeguard of individual rights." (In re T.R.S. (1969) 1 Cal. App.3d 178, 182 [81 Cal. Rptr. 574]; In re Dargo (1947) 81 Cal. App.2d 205, 207-208 [183 P.2d 282].)[1]
Similarly, absence of any right to a jury trial has been held not violative of the equal protection guarantees. (In re T.R.S., supra, at pp. 181-182.)

*79 PROOF BEYOND A REASONABLE DOUBT REQUIRED
(2) Appellant next contends that failure to apply the "reasonable doubt" standard of proof as now required under the mandate of Re Winship, supra, 397 U.S. 358 [25 L.Ed.2d 368], requires reversal of the order appealed from. That contention is sound. That case holds that "the constitutional safeguard of proof beyond a reasonable doubt is as much required during the adjudicatory stage of a delinquency proceeding as are those constitutional safeguards applied in Gault [387 U.S. 1, 87 S.Ct. 1428]  notice of charges, right to counsel, the rights of confrontation and examination, and the privilege against self-incrimination." (Pp. 377-378 of 25 L.Ed.2d.)
Three California Court of Appeal decisions, In re C.D.H. (1970) 7 Cal. App.3d 230 [86 Cal. Rptr. 565], hearing den., In re Joseph G. (1970) 7 Cal. App.3d 695 [87 Cal. Rptr. 25], hearing den. and In re Samuel Z. (1970) 10 Cal. App.3d 565 [89 Cal. Rptr. 246], have held that the "reasonable doubt" standard of Winship is retroactive, at least as regards juvenile court orders not final as of the date of Winship (March 31, 1970).
Of the three cases mentioned, one, In re Joseph G., supra, has differed in the matter of the disposition of the appeal on reversal and remand. The majority in Joseph G. noted that the record did not contain a statement by the juvenile court judge as to the quantum of proof on which he had made his order  as obviously it would not. The conclusion reached by the opinion was that since the appellate court could not make that determination the matter would have to be retried. The two decisions in the first district did not believe that in all cases a retrial was necessary. In C.D.H., supra, the court held that where there had been no jury and no trial error (unless the juvenile court had in fact made its decision on proof falling short of that required under the Winship rule) it was appropriate for the appellate court, under Code of Civil Procedure section 43, to send the case back with a direction to the judge to make a finding as to whether or not he had received evidence sufficient to convince him, within the Winship rule, that the charge or charges found had been proved and make an order accordingly. The court in Samuel Z., supra, adopted the same procedure.
This court agrees in principle with the course taken in C.D.H., supra, and Samuel Z., supra.
We observe, of course, that only the juvenile court judge who made the former order can make the determination whether or not he was convinced after the hearing appealed from and at the time the order was made that the charges against appellant were proved beyond a reasonable doubt (within the Winship rule). Moreover, if in his judgment the constitutional *80 safeguard declared by Winship cannot be preserved without a new and full hearing, that decision must be left with him.
Lastly, we point out that since at the time of the hearing appealed from appellant's counsel could not have argued the matter from the viewpoint of the Winship case, he should be afforded an opportunity, in any event, to reargue the matter under the new standard.
The order appealed from is reversed and the case remanded for further proceedings in accordance with the views expressed herein.
Friedman, J., and Janes, J., concurred.
NOTES
[1] The Attorney General calls to our attention several decisions in foreign jurisdictions which have held denial of a jury trial in a juvenile court proceeding to not be a denial of due process of law: Dryden v. Commonwealth (Ky. 1968) 435 S.W.2d 457, 461; People v. K. (1968) 58 Misc.2d 526 [296 N.Y.S.2d 404]; Commonwealth v. Johnson (1967) 211 Pa. Super 62 [234 A.2d 9, 13-17]; In re Fletcher (1968) 251 Md. 520 [248 A.2d 364, 372]. He also notes that "In Commonwealth v. Johnson, supra, the court held that there was no constitutional mandate requiring that the right to a jury in adult criminal trials be incorporated into juvenile court law. The court reasoned that `[t]he institution of jury trial in juvenile court, while not materially contributing to the fact-finding function of the court, would seriously limit the court's ability to function in this unique manner, and would result in a sterile procedure which could not vary to meet the needs of delinquent children.' Supra at page 17."