No. 5210. DEAL ET AL. *v.* CINCINNATI BOARD OF EDU-
CATION ET AL. C. A. 6th Cir. Certiorari denied. ▆

MR. JUSTICE DOUGLAS, dissenting.

The court below held in this school segregation case that the " 'District Court correctly excluded evidence of alleged racial discrimination in the public and private housing markets.' " 419 F. 2d 1387, 1392.

I would remand this case so that that evidence can be made part of the record and the lower courts can rule on the issues of *de jure* and *de facto* segregation of the races that are presented.

It is true that this petition arrived one working day after a time extension granted by MR. JUSTICE WHITE expired. Unlike some types of cases where the time for filing is prescribed by our rules,[1] Congress has stated that "any writ of certiorari intended to bring any judgment or decree in a civil action, suit or proceeding before the Supreme Court for review *shall be taken or applied for within ninety days* after the entry of such judgment or decree. A justice of the Supreme Court, for good cause shown, may extend the time for applying for a writ of certiorari for a period not exceeding sixty days." 28 U. S. C. § 2101 (c). (Italics added.)

The question here is whether a petition arriving at the Clerk's Office one day after the statutory period expires is jurisdictionally barred from a determination on the merits. MR. JUSTICE BLACK has pointed out that early cases under the predecessor sections to § 2101 (c) "made clear that this Court had power to waive the time requirement of these provisions under appropriate circumstances." *Teague* v. *Regional Commissioner of Customs,* 394 U. S. 977, 982 (dissenting opinion). And in *Ray* v.

---

[1] See our Rule 22. We can and do waive time requirements under the Rules. See *Durham* v. *United States,* 401 U. S. 481.

*Pierson* (No. 94, October Term, 1966), 386 U. S. 547, we decided on the merits a cross-petition for certiorari that was substantially out of time under § 2101 (c).[2] We offered no explanation.[3] Even under the companion sections to § 2101 (c) our practice has not been consistent. We have dismissed for failure to file appeals in the time set by Congress, *e. g., Ward* v. *Winstead,* 400 U. S. 1019, while not always dismissing for untimely docketing under our rules even though the time limitations were also set by Congress, *e. g., United Public Workers* v. *Mitchell,* 330 U. S. 75, 84–86.

Naturally, past inconsistencies are no justification for overturning a congressional bar if one exists. But one does not exist in this case. The statute states a petition "for review shall be taken or applied for" within certain specified times. That phrase is not free from ambiguity. What constitutes applying for review? A majority of the Court apparently feel it is receipt of the petition for certiorari by the Clerk's Office. *Teague, supra.* Yet I can see no reason why mailing or other transmission to this Court should not be construed as an application for relief

---

[2] The judgment below in that case was entered on October 25, 1965, but a time extension was granted petitioner Pierson until February 24, 1966. Ray's response in opposition and cross-petition for certiorari was filed on March 25. It was timely as a response, but not as a cross-petition, for a cross-petition must satisfy the requirements of a petition except that the cross-petitioner need not file a certified copy of the record which is already on file. Thus the time requirements are the same for both a petition for certiorari and a cross-petition for certiorari.

[3] It has been suggested that the "most tenable theory for entertaining such an out-of-time cross-petition is that the Court may regard its jurisdiction over the whole case as attaching upon the timely filing of a petition by any party, giving the Court discretion to allow any other party at any time thereafter to file an additional petition involving the same judgment." R. Stern & E. Gressman, Supreme Court Practice 312 (4th ed. 1969).

within the meaning of the time provisions of § 2101 (c). When two potential interpretations of a statute are possible, we should not adopt a technical rule, much like common-law pleading, solely to defeat claims.

Petitioners here did not use the mails, but I believe the situation is analogous. The following appears from a motion to proceed *in forma pauperis* and from an affidavit of counsel for petitioners: Up until two days before the time extension was to expire he was led to believe by a third party that the petition would be printed and filed on time. Then without any advance warning the third party who was in New York and had all of petitioners' papers called and told counsel that the papers would not be printed or filed. Counsel immediately began to prepare a new petition and sufficient copies from his notes. Then on the day the petition was due he forwarded it prepaid on Piedmont Airlines to Washington and arranged to have someone deliver it to the Court. But the airline lost all the papers. Counsel then made a new set of papers and filed them with the Clerk on the next working day. How can we possibly say that it does injustice to § 2101 (c) to conclude that these efforts for review were not "taken or applied for within ninety days" as extended within the meaning of § 2101 (c)? I would grant the petition and remand the case for perfection of the record in the manner indicated.