[Civ. No. 37353. Second Dist., Div. Four. July 19, 1971.]

In re GEORGE S., a Person Coming Under the Juvenile Court Law.
LOS ANGELES COUNTY DEPARTMENT OF PUBLIC SOCIAL
SERVICES, Plaintiff and Respondent, v.
BLANCHE R. CASTELL, Defendant and Appellant.

[Civ. No. 37354. Second Dist., Div. Four. July 19, 1971.]

In re EVA S., a Person Coming Under the Juvenile Court Law.
LOS ANGELES COUNTY DEPARTMENT OF PUBLIC SOCIAL
SERVICES, Plaintiff and Respondent, v.
BLANCHE R. CASTELL, Defendant and Appellant.

(Two Cases)

## COUNSEL

Edward J. Owen, Thomas P. Burke, Morton M. Sider, Lauralea Trisler Saddick and Stuart Alan Chapman for Defendant and Appellant.

John D. Maharg, County Counsel, and Harold S. Vites, Deputy County Counsel, for Plaintiff and Respondent.

## OPINION

**FILES, J.**—Following a hearing before a referee, the juvenile court made orders determining that George, 15 years of age, and his sister Eva, 13 years of age, were dependent children of the court under subdivision (a) of section 600 of the Welfare and Institutions Code.[1] The children were then placed in the home of a maternal aunt on a trial basis, both parents to have a right of reasonable visitation. The mother of the children is appealing from the orders adjudicating dependency.

Prior to the hearing before the referee, and again in connection with a petition for a rehearing, the mother asked the court to appoint counsel for her upon the ground that she was indigent. Both requests were denied.

The record discloses the unfortunate situation of a mother who was ill, existing on relief, without the help of the father or any other male, unable to cope with two active teenagers. The children initiated the proceeding by asking their social worker for help. The mother suffered from epilepsy, she had been treated for cancer and had been hospitalized many times. She was heavily dependent upon a variety of drugs which had been prescribed for her. The children had been so concerned over her use of nembutal sleeping pills that they would hide the pills from her.

The children's father, who had never married the mother, was in court and made a statement. It appeared he had not seen the children for four years.

The evidence adequately supports the finding of the court that the welfare of the children required that their custody be taken from appellant.

We cannot agree with the implication of appellant's brief that a different decision might have been made if she had had the aid of counsel in the trial court. Undoubtedly with counsel in the case the record would have been different. But the social worker's report indicates that an even stronger showing could have been made concerning appellant's disability. Both parents told the court that what the children needed was discipline. It is apparent that appellant was in no condition to provide it.

Appellant's principal contention now is that she was entitled to the

---

[1]Welfare and Institutions Code section 600 provides: "Any person under the age of 21 years who comes within any of the following descriptions is within the jurisdiction of the juvenile court which may adjudge such person to be a dependent child of the court:

(a) Who is in need of proper and effective parental care or control and has no parent or guardian, or has no parent or guardian willing to exercise or capable of exercising such care or control, or has no parent or guardian actually exercising such care or control."

appointment of counsel in the juvenile court. That question was decided adversely to her position in *In re Robinson* (1970) 8 Cal.App.3d 783 [87 Cal.Rptr. 678].[2] The *Robinson* case differed from this one in that there the appeal was from an order which reviewed (rather than determined in the first instance) the dependency status of the appellant's children. Nevertheless the case stands as a square holding that there is no statutory or constitutional requirement that counsel be provided for a parent in a dependency case. Nothing has occurred since that decision to call for a reexamination of its holding. Absent some new development, a reconsideration of the rule by a court of coordinate jurisdiction would serve only to create confusion in an area of procedural law where certainty and predictability are important attributes of justice.

▇ The other ground of reversal argued by appellant is that the statute under which the juvenile court acted is unconstitutional in that section 701 of the Welfare and Institutions Code authorizes a finding made upon a preponderance of the evidence. Appellant contends that the constitutionally required standard is proof beyond a reasonable doubt, citing *In re Winship* (1970) 397 U.S. 358 [25 L.Ed.2d 368, 90 S.Ct. 1068] and *In re Steven C.* (1970) 9 Cal.App.3d 255, 263 [88 Cal.Rptr. 97].

The *Winship* case holds that in a proceeding to adjudicate that a juvenile is a delinquent by reason of his having done an act which, if done by an adult, would constitute a crime, the Constitution requires that the adjudication must be based upon proof beyond a reasonable doubt.[3] Footnote 1 of that opinion indicates the court was not considering "procedures governing children 'in need of supervision.' " Following *Winship,* the case of *Steven C.* held that section 701 is unconstitutional in a delinquency proceeding.

Those decisions are not controlling in this proceeding, which is to determine dependency (Welf. & Inst. Code, § 600), not delinquency (Welf. & Inst. Code, § 602). The decision in this proceeding is not based upon any finding or determination that anyone has committed any act defined as criminal. The adjudication of dependency does not necessarily imply that the parents are morally delinquent. (See, e.g., *In re Farley* (1958) 162 Cal. App.2d 474, 477 [328 P.2d 230].) In the case at bench it is the mother's physical illness, together with the personality problems related to that

---

[2]Hearing was denied by the California Supreme Court and certiorari was denied *sub nom. Kaufman* v. *Carter,* 402 U.S. 964 [29 L.Ed.2d 128, 91 S.Ct. 1624].

[3]In delinquency cases tried prior to *Winship,* where the trial court made no statement as to which standard of proof it applied, the appellate courts have held they may not assume that the trial court applied the "beyond a reasonable doubt" standard. (*In re Paul T.* (1971) 15 Cal.App.3d 886, 896 [93 Cal.Rptr. 510]; *In re C.E.M.* (1970) 13 Cal.App.3d 75, 79 [91 Cal.Rptr. 382].)

illness, which made necessary the action of the court. The reasoning of the *Winship* case, based upon an analogy to criminal procedure, is inapplicable here. The custody of minor children is the kind of problem which traditionally has been determined in civil cases upon a preponderance of evidence. The civil standard of proof by a preponderance of evidence remains applicable to this dependency proceeding.

In each case the order is affirmed.

Jefferson, J., and Dunn, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 21, 1971. Peters, J., and Tobriner, J., were of the opinion that the petition should be granted.