40 Cal.App.3d 982 (1974)
115 Cal. Rptr. 617
In re CHRISTINE SIMETH, a Person Coming Under the Juvenile Court Law.
COUNTY OF LOS ANGELES, Plaintiff and Respondent,
v.
ROSEMARIE SIMETH, Defendant and Appellant.
Docket No. 43815.
Court of Appeals of California, Second District, Division Two.
July 26, 1974.
*983 COUNSEL
Rosemarie Simeth, in pro. per., Gerald Blank and Gary T. Wienerman for Defendant and Appellant.
Daniel M. Luevano, Rosalyn M. Chapman, Philip L. Goar and W. Kenneth Rice as Amici Curiae on behalf of Defendant and Appellant.
No appearance for Plaintiff and Respondent.
Evelle J. Younger, Attorney General, Elizabeth Palmer, Assistant Attorney General, Edward M. Belasco, Deputy Attorney General, Joseph P. Busch, District Attorney, Henry B. Sondheim and Daniel L. Bershin, Deputy District Attorneys, as Amici Curiae.
OPINION
ROTH, P.J.
Appellant, Rosemarie Simeth, having appealed from an order after an adjudicatory disposition held in the juvenile court, finding and declaring her minor daughter a dependent child, pursuant to section 600, subdivision (a) of the Welfare and Institutions Code, now moves that counsel be appointed to represent her on appeal. The order appealed from removes the child from the mother's custody. Unless the order is modified pursuant to section 775 et seq., Welfare and Institutions Code, *984 the mother would not have custody of the child during the years of the child's minority. (Welf. & Inst. Code, § 607.)
Appellant's motion by Western Center on Law & Poverty, temporary counsel appearing as amicus curiae, is supported by compelling declarations and a consumate brief. An amicus brief was requested by this court and filed by Joseph P. Busch, District Attorney of Los Angeles County, and upon request of this court, a brief has also been filed by the Attorney General.
Appellant's amicus argues convincingly that this court has the inherent, constitutional and statutory authority to make such appointment.
This court in respect of the same question has previously decided that we had no statutory authority. (In re Robinson, 8 Cal. App.3d 783 [87 Cal. Rptr. 678].)[1] The briefs of all counsel point out that since Robinson the statutes upon which the Robinson ruling was predicated have been amended. (1) The district attorney in his brief says in pertinent part: "It is the position of the Amicus Curiae, joined herein by the People that the amendments to Welfare and Institutions Code sections 634, 679 and 700 when viewed in conjunction with Government Code section 27706(e) (which since 1970 no longer omits persons coming within the description of Welfare and Institutions Code section 600) and Penal Code section 1241 (which in 1971 deleted the requirement that the appeal or proceeding must be a criminal matter) require this court to reconsider the previous holdings in In re Robinson[[2]] ... and to now hold that the right to courtappointed counsel on appeal for an indigent mother exists. (See 6 U.C.D.L.Rev. p. 240 `Dependency Hearings: What Rights for the Parents? Albert O. Cornelison, Jr. wherein it is pointed out the need for court appointed counsel.) The People feel that the appointment of counsel on appeal for an indigent mother is required by (a) the underlying intent of the Legislature, (b) the inherent right of a parent to raise his child, and (c) the nature of the proceedings in the Juvenile Court."
This court has reconsidered In re Robinson in the light of the statutory changes pointed out in the above excerpt and holds without discussion of or resort to any independent constitutional or inherent power it may have *985 that the statutory changes authorize the appointment of counsel in an indigent proceeding such as the one at bench.
The motion is granted.
Compton, J., concurred.
FLEMING, J.
I concur on the ground that appointment of appellate counsel in juvenile court proceedings under Welfare and Institutions Code section 600 is now implicitly authorized by rule 251[1] of California Rules of Court, effective 1 July 1973, a rule adopted by the Judicial Council under its authority to make rules for court administration not inconsistent with statute. (Cal. Const., art. VI, § 6.) Payment for counsel appointed on such appeals may now be made from any funds appropriated for that purpose. (Pen. Code, § 1241.)
On August 21, 1974, the opinion was modified to read as printed above.
NOTES
[1] Certiorari denied sub nom. Kaufman v. Carter, 402 U.S. 964 [29 L.Ed.2d 128, 91 S.Ct. 1624].
[2] Robinson was apparently followed in In re George S. (1971) 18 Cal. App.3d 788 [96 Cal. Rptr. 203] and In re Joseph T. (1972) 25 Cal. App.3d 120 [101 Cal. Rptr. 606].
[1] "In juvenile court proceedings in which the minor is found to be a person described by Section 600, 601, or 602 of the Welfare and Institutions Code ... The juvenile court judge ... shall advise ... the minor and, if present, his parent ... of any right to appeal from such order, of the necessary steps and time for taking an appeal, and of the right of an indigent person to have counsel appointed by the reviewing court." (Italics added.)