Mona BRONSON, etc., et al., Plaintiffs-Petitioners,

v.

BOARD OF EDUCATION OF the CITY SCHOOL DISTRICT OF the CITY OF CINCINNATI et al., Defendants-Respondents.

No. 75-1244.

United States Court of Appeals, Sixth Circuit.

Feb. 28, 1975.

Nathaniel R. Jones, General Counsel N.A.A.C.P., New York City, Louis R. Lucas, Ratner, Sugarmon & Lucas, Mem-

20.  43 U.S.C. § 315 et seq. (1970).

21.  43 U.S.C. § 315b (1970).

phis, Tenn., Lester Gaines, Gaines & Gaines, Cincinnati, Ohio, Leonard D. Slutz, Cincinnati, Ohio, for plaintiffs-petitioners.

C. R. Beirne, Beirne, Wirthlin & Manley, Marlene Penny Manes, James W. Hengelbrok, John A. Lloyd, Jr., Cincinnati, Ohio, for defendants-respondents.

Before PHILLIPS, Chief Judge, and WEICK and LIVELY, Circuit Judges.

PER CURIAM.

Plaintiffs-petitioners in this school desegregation case have filed a petition for permission to appeal, pursuant to 28 U.S.C. § 1292(b), Fed.R.App.P. 5, from an interlocutory order of the United States District Court for the Southern District of Ohio, Western Division.

A former school desegregation case involving Cincinnati schools was Deal v. Cincinnati Board of Education, 244 F.Supp. 572 (S.D.Ohio 1965), aff'd, 369 F.2d 55 (6th Cir. 1966), cert. denied, 389 U.S. 847, 88 S.Ct. 39, 19 L.Ed.2d 114 (1967), aff'd on other issues, 419 F.2d 1387 (6th Cir. 1969), cert. denied, 402 U.S. 962, 91 S.Ct. 1630, 29 L.Ed.2d 128 (1971).

One of the questions in the school desegregation case now pending in the District Court is whether the defendant school board is entitled to interpose the affirmative defense of res judicata as to factual issues determined in Deal. On January 30, 1975, the District Court entered an order, accompanied by a memorandum opinion ruling "that defendants may properly assert the affirmative defense of res judicata in the present case, or, more precisely, that they may assert here the collateral estoppel aspect of that general doctrine." The effect of this ruling appears to be that plaintiffs would be collaterally estopped from relitigating any of the issues determined in the prior litigation between the plaintiffs in the earlier class action and the defendant board and from introducing evidence as to events occurring prior to July 26, 1965.

The District Court made the following certification:

The court is of the opinion that the *res judicata* issue "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

In their petition for permission to appeal, plaintiffs-petitioners suggest that this matter is of exceptional importance so as to warrant in banc consideration, pursuant to Fed.R.App.P. 35(b) and Sixth Circuit R. 3(b). No judge of the court has moved for in banc consideration.[1] The petition for leave to appeal has been assigned to this three-judge panel. 28 U.S.C. § 46.

Upon consideration, the court concludes that the petition for permission to appeal should be granted. It is so ordered.

---

1. Circuit Judge John W. Peck, author of the District Court opinion in *Deal*, has recused himself from any participation in this case, including the issue of in banc determination.