Argued May 8, reversed July 26, petition for attorney fees
denied September 5, 1968

IN THE MATTER OF VALERIE MAE MITCHELL ET AL,
CHILDREN.

## STATE OF OREGON, *Respondent, v.*
## JAMISON, *Appellant.*

444 P. 2d 15
444 P. 2d 1005

*Thomas Mosgrove,* Pendleton, argued the cause for appellant. On the briefs were Mosgrove, Walton & Yokom, Pendleton.

*Jack Olsen,* Deputy District Attorney, Pendleton, argued the cause for respondent. On the brief were Riney J. Seeger, District Attorney, and Raley F. Peterson, Deputy District Attorney, Pendleton.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, GOODWIN, DENECKE, HOLMAN and LUSK, Justices.

GOODWIN, J.

The mother of five children born out of wedlock appeals from an order of the juvenile court terminating her parental rights, ORS 419.523 and 419.525, and awarding custody to the Umatilla County Public Welfare Commission. ORS 419.527(1)(a).

As the cause must be reversed on due-process grounds, we express no opinion upon the ultimate question of the fitness of the mother to retain her rights as a parent under ORS 419.523.

The first assignment of error asserts that the summons served upon the mother did not comply with

ORS 419.486. That section requires that the summons set forth a brief statement of the facts which bring the child within the jurisdiction of the court under ORS 419.476. The summons that was served advised the mother only that the petitioner (a welfare official) would seek an order of permanent commitment to his agency. A proper summons should also have advised the parent against whom termination proceedings were brought why the child was alleged to be within the jurisdiction of the court and whether the parent's alleged fault in the matter consisted of unfitness, nonsupport, desertion, or a combination of such faults. Since the case must be reversed on other grounds, however, it is not necessary for us to consider the various questions that have been raised concerning the sufficiency of notice. In the event of future proceedings against this mother, a new petition and a new summons will be required. We assume that statutory procedures will be followed.

The principal assignment of error has to do with the failure of the juvenile court to advise the mother, who was indigent, that she was entitled to the assistance of a court-appointed attorney. On behalf of the juvenile court, it must be acknowledged that prior to the decision of *In re Gault,* 387 US 1, 87 S Ct 1428, 18 L Ed 2d 527 (1967), there was some doubt whether, in the absence of statute, a juvenile court was obliged to supply counsel to indigent children. In Oregon, since 1959, ORS 419.498(2)[1] has provided that the

---

[1] ORS 419.498(2) "If the child, his parent or guardian requests an attorney but is without sufficient financial means to employ an attorney, the court shall appoint an attorney to represent him. The court may appoint an attorney to represent the child in any case. An attorney appointed pursuant to this subsection shall be paid a reasonable fee fixed by the court, to be paid in the same manner as fees for attorneys appointed in criminal cases in the circuit court."

court may appoint counsel "to represent the child in any case." But no decision in this state has required the juvenile court, as a matter of constitutional due process, to supply counsel to indigent parents.

 It is the general rule that where the state is the adversary party and is attempting to take a child permanently from a parent, the parent is entitled to the assistance of retained counsel. See Annotation, 60 ALR2d 691, 692 (1958). We now hold that, where the parent in a termination proceeding is indigent, counsel must be supplied at public expense. We need not now decide whether constitutional due process requires the appointment of counsel in other types of juvenile hearings.

The permanent termination of parental rights is one of the most drastic actions the state can take against its inhabitants. It would be unconscionable for the state forever to terminate the parental rights of the poor without allowing such parents to be assisted by counsel. Counsel in juvenile court must be made available for parents and children alike when the relationship of parent and child is threatened by the state. See *In re Gault,* supra. If the parents are too poor to employ counsel, the cost thereof must be borne by the public as in cases under ORS 419.498(2).

█ The state points out that in the case at bar the mother did not request counsel and contends, therefore, that she waived counsel. We hold that waiver cannot be inferred from a failure to request court-appointed counsel by a person who, insofar as the record reveals, does not know of her right to counsel.

█ The indigent are frequently the least able to cope with government in its official functions. See Paulsen, *Juvenile Courts, Family Courts, and the Poor*

*Man,* 54 Calif L Rev 694 (1966). The case at bar was routine for the welfare workers and other juvenile court staff. For the indigent mother, however, the entire proceedings were incomprehensible. To say under such circumstances that if the mother wanted a lawyer she should have asked for one is to disregard the realities of the culture of poverty. In a matter as grave as the permanent loss of parental rights, we hold that the waiver of counsel must be shown to have been a knowing waiver. This is the rule in criminal cases. See *Carnley v. Cochran,* 369 US 506, 82 S Ct 884, 8 L Ed 2d 70 (1962). While the case at bar is not a criminal matter, the consequences of the denial of counsel are as serious as they are in most criminal prosecutions.

■ The importance of the aid of counsel in a termination case involving the poor is well illustrated by the record in this case. Without counsel, the informality usually associated with ex parte hearings prevailed. The juvenile court was led to proceed on the basis of incompetent evidence and evidence that had remote, if any, connection with the issues made up by the petition. We need not be detained now by the numerous assignments of error that have been urged in this appeal. In a hearing in which both sides had been represented by counsel, most, if not all, of the alleged errors would have been avoided.

The order of termination is reversed.

**ON PETITION FOR ATTORNEY FEES**

Thomas M. Mosgrove, Pendleton, for the motion.

Before PERRY, Chief Justice, and MCALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

PER CURIAM.

Following our decision in the above entitled matter, counsel has applied for reasonable attorney fees on appeal. Such fees would have to be taxed against Umatilla County.

Notwithstanding our holding that the state may not constitutionally terminate parental rights in a proceeding in which indigent parents are denied counsel, we must reluctantly hold that we have no authority to tax attorney fees on appeal against the state or one of its subdivisions. *State ex rel Nilsen v. Adams,* 248 Or

269, 431 P2d 270 (1967); *Uris v. Compensation Department,* 247 Or 420, 430 P2d 861 (1967).

Unlike the circuit courts, which have been given general and equitable jurisdiction (ORS 419.474) and which may make provision for attorney fees in any case on behalf of a child (ORS 419.498), this court has no express authority to allow attorney fees in cases brought under ORS ch 419. Our attention has been called to no statute which allows us to enter a money judgment against a governmental subdivision in this case.

■ In the absence of statutory authority to tax attorney fees against a party or a political subdivision of the state, we have refrained from doing so. See *State ex rel Nilsen v. Adams,* supra. See, also, ORS 138.500 as amended by Oregon Laws 1961, ch 480, § 2 (3), which provides in detail for the taxation of attorney fees in post-conviction appeals, and *Spencer v. Gladden,* 230 Or 162, 165, 369 P2d 129 (1962). Until the Legislative Assembly makes provision for the payment of attorney fees by the appropriate governmental subdivision, attorneys laboring in this court remain in the position of court-appointed counsel in criminal cases prior to the adoption of the legislation which now permits the payment of reasonable fees. The petition is, accordingly, denied.