Chief Judge Fuld.
Whether the Family Court is required to advise an indigent parent, charged with child neglect, that he is entitled to be represented by assigned counsel is the question presented by this appeal.[1]
In June of 1969, the Westchester County Commissioner of Social Services, the petitioner-respondent herein, filed a charge of child neglect against the respondent-appellant. The petitioner asserts that the appellant left her three-year-old daughter home alone between one and four o’clock in the morning of June 21 and that, during her absence, the little girl was allegedly kidnapped and raped by á friend of the appellant. The child was represented by a law guardian. When the matter came before the Family Court, the judge presiding, after reading the petition to the appellant, spoke to her as follows:
“ You may be represented by an attorney in this proceeding, in which case you must obtain one yourself, and pay for him out of your own funds, or you may waive an attorney and either admit or deny the facts in the petition if you want. Do you want an attorney!
“Mrs. B.: No.
“ The Court: Do you admit the facts in the petition?
“ Mrs. B.: Yes, I do.”
Thereupon, without further ado, the judge stated that he was “going to find that [the appellant’s daughter] is a neglected child and will continue the child in custody of the Child Protec *356 tive Services ”. An order was entered adjudicating her a neglected child and directing that she be placed in the petitioner’s custody.[2]
Very shortly after the adjudication of neglect, which was made in July, 1969, the appellant obtained the assistance of the Legal Aid Society. A notice of appeal was filed and, in September, a Legal Aid attorney instituted' a proceeding to terminate the child’s placement with the petitioner. In February, 1970, while the proceeding was pending, the youngster was informally returned to her mother’s home. At the termination hearing some months later—in the fall of 1970—the appellant’s attorney, after some preliminary cross-examination of the one witness called, declined to continue the defense because of a “ misapprehension ’ ’ of the nature of the proceeding and moved to strike “all” proceedings previously held and to have a hearing de novo. The judge denied the motion, adhered to his original determination and continued the child in the petitioner’s custody, noting that she could be taken from the mother’s physical custody upon the petitioner’s application.
The Appellate Division unanimously affirmed the original order of July, 1969, and the appeal is before us as of right on constitutional grounds (CPLB 5601, subd. [b], par. 1).
The determination must be reversed. In our view, an indigent parent, faced with the loss of a child’s society, as well as the possibility of criminal charges (Family Ct. Act, §§ 1014, 1052, 1055; Penal Law, § 260.10), is entitled to the assistance of counsel. A parent’s concern for the liberty of the child, as well as for his care and control, involves too fundamental an interest and right (see, e.g., Stanley v. State of Illinois, 405 U. S. 645; Matter of Spence-Chapin Adoption Serv. v. Polk, 29 N Y 2d 196, 203), to be relinquished to the State without the opportunity for a hearing, with assigned counsel if the parent lacks the means to retain a lawyer.[3] To deny legal assistance *357 under such circumstances would — as the courts of other jurisdictions have already held (see, e.g., Cleaver v. Wilcox, 40 U. S. Law Week 2658, decided March 22, 1972; State of Jamison, 251 Ore. 114, 118; see, also, Boddie v. Connecticut, 401 U. S. 371; Note, Child Neglect: Due Process for the Parent, 70 Col. L. Rev. 465; but cf. In re Robinson, 8 Cal. App. 3d 783, cert. den. sub nom. Kaufman v. Carter, 402 U. S. 954, 964) — constitute a violation of his due process rights and, in light of the express statutory provision for legal representation for those who can afford it, a denial of equal protection of the laws as well. As the Federal District Court wrote in the very similar Cleaver case (40 U. S. Law Week, atp. 2659),
‘ ‘ whether the proceeding be labelled ‘ civil ’ or ‘ criminal/ it is fundamentally unfair, and a denial of due process of law for the state to seek removal of the child from an indigent parent without according that parent the right to the assistance of court-appointed and compensated counsel. * * * Since the state is the adversary * * * there is a gross inherent imbalance of experience and expertise between the parties if the parents are not represented by counsel. The parent’s interest in the liberty of the child, in his care and in his control, has long been recognized as a fundamental interest. * * * Such an interest may not be curtailed by the state without a meaningful opportunity to be heard, which in these circumstances includes the assistance of counsel.”
Once the conclusion is reached that one has a right to be represented by assigned counsel—and, as noted, the petitioner does not dispute that the appellant did have such a right—it follows that one is entitled to be so advised. If the rule were otherwise, if the party before the court was not apprised of his *358 right to assigned counsel, there could be no assurance either that he knew he had such a right or that he had waived it. Certainly, the appellant in the present case could not have realized that she would have been provided with a lawyer if she could not afford to retain one. In point of fact, the judge actually told her that, if she desired an attorney, ‘1 you must obtain one yourself, and pay for him out of your own funds ’ ’. This statement completely excluded the availability of assigned counsel or other free legal assistance. Consequently, the appellant’s negative answer to the question, “ [d]o you want an attorney? ” could not possibly be deemed an intelligent or understanding waiver of her right to counsel. (See, e.g., Matter of Lawrence S., 29 N Y 2d 206; People v. Witenski, 15 N Y 2d 392.)
It is true that the appellant was represented by an attorney in the later proceeding to terminate the child’s placement. As noted above, the trial judge there denied the motion of her counsel for a de novo hearing, refused to terminate the child’s custody and continued placement ‘ ‘ with the Commissioner of Social Services.” Because of the paucity of evidence at such hearing, however, it is manifest that the trial judge’s decision was influenced more by his earlier determination of neglect —based, as indicated, solely on the appellant’s uncounselled plea “ admit [ting] the facts in the petition”—than by the child’s apparent need for continued supervision. However, we do not believe it necessary or desirable to reverse or vacate the initial order (of July, 1969). We meet the exigencies of the case if, without impairing the effectiveness of that order, we remit the proceeding to the Family Court for a rehearing, both adjudicatory and dispositional (Family Ct. Act, §§ 742, 743), at which the appellant will, of course, be represented by counsel.
The order appealed from should, therefore, be modified, without costs, and the matter remitted for further proceedings in accordance with this opinion and, as so modified, affirmed.
Judges Burke, Scileppi, Bergan, Breitel, Jasen and Gibson concur.
Order modified, without costs, and matter remitted to Family Court, Westchester County, for further proceedings in accordance with the opinion herein and, as so modified, affirmed.

. The Family Court Act (§ 1043, subd. [a]; prior to May 1, 1970, § 343, subd. [a]) makes provision for legal representation but is silent with respect to the right of indigent parents to assigned counsel:
"The court shall advise the parent or other person legally responsible for the child’s care of a right to be represented by counsel of his own choosing and to have an adjournment to send for counsel and consult with him.”

. Not a word had been said to the appellant that she might lose the custody of the child. Indeed, as the colloquy between the judge and her made clear, she believed that she would be permitted to take the child home and, after the judge indicated that the child was to be taken from her, she made a feeble, and unsuccessful, attempt to set forth circumstances which might have provided a basis for a meritorious defense in the hands of an attorney.

. The petitioner acknowledges that an indigent parent is entitled to be represented by assigned counsel in a child neglect proceeding and that, had the appellant stated that she could not afford an attorney, the court would have been “ under a duty to advise her of the availability of counsel.” But he urges that, since the proceeding is “ civil ” in nature, the court was not required, on its own initiative, to inform the appellant of her right to have counsel assigned to her.