STATE OF NEBRASKA IN RE INTEREST OF STEVEN ALVIN FRIESZ ET AL.
STATE OF NEBRASKA, APPELLEE, v. LUCILLE FRIESZ CAHA, APPELLANT.

208 N. W. 2d 259

Filed June 8, 1973. No. 38901.

Robert S. Catz, Terrence J. Ferguson, and Vard R. Johnson, for appellant.

Clarence A. H. Meyer, Attorney General, and E. D. Warnsholz, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

This was a proceeding under section 43-209, R. R. S. 1943, in which the parental rights of Lucille Friesz Caha and Alvin C. Friesz to their seven minor children were terminated. Mrs. Caha appeals.

Alvin C. Friesz and the appellant were divorced on January 29, 1971. The custody of Steven Alvin Friesz, Charlotte Marie Friesz, Marcia Ann Friesz, Vicky Lyn Friesz, Stanley Robert Friesz, Lisa Coral Friesz, and Kathy Jean Friesz was awarded to the appellant.

On April 13, 1971, the county court found the children were dependent, neglected, delinquent, and in need of special supervision. Temporary custody was awarded to the Stanton county division of public welfare. Upon appeal from the county court, the District Court found the children were grossly neglected and dependent. Temporary custody was continued in the Stanton county division of public welfare.

A supplemental petition praying for the termination of parental rights was filed on September 6, 1972. A hearing on this petition was held on October 4, 1972. The trial court found the parental rights should be terminated and permanent custody was awarded to the Department of Public Welfare of the State of Nebraska.

The appellant remarried on October 28, 1972. The children now range from 8 to 17 years of age.

The appellant was represented by private counsel at the hearing in the county court and the hearing on

appeal in the District Court. This counsel withdrew from the case on September 22, 1972.

At the commencement of the hearing on the supplemental petition the appellant stated she was not represented by counsel; she did not "have any money to afford one"; and she requested the court to appoint counsel for her. The trial court stated the law did not provide for the appointment of an attorney in such a case; and since she was employed, the appellant was considered able to hire an attorney.

The record shows the appellant was then employed as a motel maid in Omaha, Nebraska. Her net income was $225 per month. Although the trial court found the appellant was not an indigent on October 4, 1972, leave to appeal in forma pauperis was granted on November 28, 1972. In view of this state of the record, we assume the appellant was an indigent at the time of the hearing on the supplemental petition.

The appellant contends due process of law in a proceeding to terminate parental rights requires that an indigent parent be furnished counsel at the expense of the county upon request.

Since 1967, the Legislature has provided for the appointment of counsel for a minor child of indigent parents when brought before a juvenile court, and has required the judge to advise the minor and his parents "of their right" to counsel at the expense of the county. § 43-205.06, R. R. S. 1943. Section 43-209, R. R. S. 1943, authorizes the appointment of a guardian ad litem for any party as may be deemed necessary or desirable.

In a very similar case the New York Court of Appeals held that an indigent parent was entitled to the assistance of counsel at the expense of the State. In re B., 30 N. Y. 2d 352, 334 N. Y. Supp. 2d 133, 285 N. E. 2d 288. The New York court said: "In our view, an indigent parent, faced with the loss of a child's society, as well as the possibility of criminal charges (Family Ct. Act, §§ 1014, 1052, 1055; Penal Law, Consol. Laws,

c. 40, § 260.10), is entitled to the assistance of counsel. A parent's concern for the liberty of the child, as well as for his care and control, involves too fundamental an interest and right (see, e. g., Stanley v. State of Illinois, 405 U. S. 645, 92 S. Ct. 1208, 31 L. Ed. 2d 551, decided April 3, 1972; Matter of Spence-Chapin Adoption Serv. v. Polk, 29 N. Y. 2d 196, 203, 324 N. Y. S. 2d 937, 943, 274 N. E. 2d 431, 435), to be relinquished to the State without the opportunity for a hearing, with assigned counsel if the parent lacks the means to retain a lawyer. To deny legal assistance under such circumstances would — as the courts of other jurisdictions have already held (see, e. g., Cleaver v. Wilcox, decided March 22, 1972 [40 USLW 2658]; State v. Jamison, 251 Or. 114, 118, 444 P. 2d 15, 444 P. 2d 1005; see, also, Boddie v. Connecticut, 401 U. S. 371, 91 S. Ct. 780, 28 L. Ed. 2d 113; Note, Child Neglect: Due Process for the Parent, 70 Col. L. Rev. 465; but cf. In re Robinson, 8 Cal. App. 3d 783, 87 Cal. Rptr. 678, cert. den. sub nom. Kaufman v. Carter, 402 U. S. 954, 964, 91 S. Ct. 1624, 29 L. Ed. 2d 128) — constitute a violation of his due process rights and, in light of the express statutory provision for legal representation for those who can afford it, a denial of equal protection of the laws as well. As the Federal District Court wrote in the very similar Cleaver case [40 USLW, at p. 2659]. 'whether the proceeding be labelled "civil" or "criminal," it is fundamentally unfair, and a denial of due process of law for the state to seek removal of the child from an indigent parent without according that parent the right to the assistance of court-appointed and compensated counsel. * * * Since the state is the adversary * * * there is a gross inherent imbalance of experience and expertise between the parties if the parents are not represented by counsel. The parent's interest in the liberty of the child, in his care and in his control, has long been recognized as a fundamental interest. * * * Such an interest may not be curtailed by the state with-

out a meaningful opportunity to be heard, which in these circumstances includes the assistance of counsel.' " See, also, State v. Jamison, 251 Ore. 114, 444 P. 2d 15; Chambers v. District Ct. of Dubuque County, 261 Iowa 31, 152 N. W. 2d 818; Cleaver v. Wilcox, United States Dist. Ct., N. D. Calif., 40 U.S.L.W. 2658; Danforth v. State Dept. of Health & Welfare (Maine), 303 A. 2d 794, 41 U.S.L.W. 2586.

The evidence which was before the District Court at the hearing on the appeal from the county court is not before us. We must assume, therefore, that it fully supported the finding of dependency and neglect.

The evidence at the hearing on October 4, 1972, consisted principally of the testimony of the Stanton county director of public assistance and three caseworkers. Two of the caseworkers were employed by the Lutheran Family and Social Services at Omaha where Charlotte, Stanley, and Kathy had been staying. The other caseworker was employed by the Grace Children's Home in Henderson, Nebraska, where Marcia, Vicky, and Lisa had been staying. Although far from conclusive, this testimony generally supported the finding that the parental rights of the appellant should be terminated. There was very little evidence concerning the present circumstances of the appellant, her home, or her ability to care for some or all of the children.

We think justice will best be served in this case by remanding it to the District Court for further hearing upon the supplemental petition. The special county attorney and the appellant, who is now represented by counsel, should be permitted to make whatever further showing they desire in support of or in resistance to the supplemental petition. The District Court is directed to appoint a guardian ad litem for the children for the purpose of this hearing. Until the further order of the District Court, the children shall remain in the custody of the Department of Public Welfare of the State of Nebraska.

. The cause is remanded to the District Court for further proceedings in conformity with this opinion.

CAUSE REMANDED TO THE DISTRICT COURT FOR FURTHER PROCEEDINGS IN CONFORMITY WITH THIS OPINION.