[No. 43609. En Banc. April 10, 1975.]

*In the Matter of the Welfare of* FRANKLIN O'DELL MYRICKS, O'DELL MYRICKS, *Petitioner.*

*Norman Rosenberg* and *Michael L. Larsen*, for petitioner.

*C. J. Rabideau, Prosecuting Attorney*, and *Dan F. Hultgrenn, Deputy*, for respondent.

WRIGHT J.—This case comes before this court on a writ of certiorari. The appellant is claiming a constitutional right to counsel which was denied him in a dependency and child neglect proceeding where appellant/father's minor son was temporarily withdrawn from the home. The issue before us is whether the rule in *In re Luscier*, 84 Wn.2d 135, 524 P.2d 906 (1974) (which requires court appointed counsel for indigent parents in permanent child deprivation proceedings) should be extended to temporary deprivation proceedings where the likelihood of eventual permanent deprivation is substantial. We hold the *Luscier* rule applicable to the instant case and those cases where permanent deprivation may likely follow the dependency and child neglect proceeding conducted under RCW 13.04.

Briefly, the facts in this case are as follow: On October 15, 1974, the appellant was served a petition alleging that his son was a dependent and neglected child as defined by RCW 13.04.010. On the same day there was held a temporary detention hearing to determine if appellant's son would continue residing with the father or be placed in detention. At that hearing, appellant requested that the court appoint counsel to represent him. This was denied, although counsel was appointed to represent his son. In addition, the appellant's son was ordered into foster care pending a fact-finding hearing on the petition. Later, at a fact-finding hearing, appellant again appeared without counsel.

At the fact-finding hearing the juvenile court found that appellant's son was a dependent child, made him a ward of the court and placed him in foster care. The boy remains in foster care at this time—still on a temporary basis pending further proceedings. Appellant is an indigent, without the financial means to pay for counsel from his own funds.

 The right of a natural parent to the companionship of his or her child must be included within the bundle of rights associated with marriage, establishing a home and rearing children. This right must therefore be viewed as

"so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Snyder v. Massachusetts*, 291 U.S. 97, 105, 78 L. Ed. 674, 54 S. Ct. 330, 90 ALR 575 (1934), cited with approval in *Griswold v. Connecticut*, 381 U.S. 479, 487, 14 L. Ed. 2d 510, 85 S. Ct. 1678 (1965). In *May v. Anderson*, 345 U.S. 528, 533, 97 L. Ed. 1221, 73 S. Ct. 840 (1953), the right of a parent to a child's companionship was considered to be "far more precious . . . than property rights" and in *In re Gibson*, 4 Wn. App. 372, 379, 483 P.2d 131 (1971), cited with approval in *In re Luscier, supra*, the right was characterized as even "more precious . . . than the right of life itself."

██ The essence of due process is the right to be heard. The hearing required by due process must be both "meaningful," *Armstrong v. Manzo*, 380 U.S. 545, 552, 14 L. Ed. 2d 62, 85 S. Ct. 1187 (1965), and "appropriate to the nature of the case." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313, 94 L. Ed. 865, 70 S. Ct. 652 (1950). In dependency and child neglect proceedings—even if only preliminary to later and more final pronouncements—the indigent parent has to face the superior power of State resources. The full panoply of the traditional weapons of the State are trained on the defendant-parent, who often lacks formal education, and with difficulty must present his or her version of disputed facts; match wits with social workers, counselors, psychologists, and physicians and often an adverse attorney; cross-examine witnesses (often expert) under rules of evidence and procedure of which he or she usually knows nothing; deal with documentary evidence he or she may not understand, and all to be done in the strange and awesome setting of the juvenile court. The right to one's child is too basic to expose to the State's forces without the benefit of an advocate.

██ The fact that the instant case involves a nonpermanent deprivation of the child does not justify denying counsel. The boy was made a ward of the court pending further proceedings, which could result in the child being perma-

nently taken from the parent. As stated in *In re Luscier,* *supra,* the key issue in determining whether counsel should be present in a proceeding is whether the individual is being deprived of "liberty." Here, the nature of the rights in question and the relative powers of the antagonists, necessitate the appointment of counsel. *See Cleaver v. Wilcox,* 499 F.2d 940 (9th Cir. 1974).

Accordingly, we order the juvenile court to appoint counsel for the appellant, vacate the order of dependency, and conduct new proceedings at which appellant shall be represented by counsel.

STAFFORD, C.J., and FINLEY, ROSELLINI, HUNTER, HAMILTON, UTTER, BRACHTENBACH, and HOROWITZ, JJ., concur.

Petition for rehearing denied May 29, 1975.