In the Matter of CHAD S., a child under eighteen years of age (two cases).

LYNDA S., Appellant,

v.

The STATE of Oklahoma and Department of Institutions, Social and Rehabilitative Services, Appellees (two cases).

Nos. 50581, 51146.

Supreme Court of Oklahoma.

June 27, 1978.

Steven A. Novick, Stanley L. Foster, Legal Aid of Western Oklahoma, Inc., Oklahoma City, for appellant.

Andrew M. Coats, Dist. Atty., Roma McElwee, Asst. Dist. Atty., Oklahoma City, for appellees.

1. Father's rights were also terminated in a separate order. He is not involved in this appeal.

2. See *Short v. Chaney*, 66 Okl. 258, 168 P. 425 (1917); *Smith v. State Industrial Court*, 408 P.2d 317 (Okl.1965).

3. 12 O.S.1971 § 1031.1 provides:

DOOLIN, Justice:

In the proceedings below, the trial court declared the child involved to be dependent and neglected and made her a ward of the court in June of 1976. In December of that year, a petition seeking termination of parental rights was filed.

On January 6, 1977, mother appeared for the hearing without counsel. She was not advised of any right to court-appointed counsel if she was indigent. The trial court terminated her parental rights.[1] There was no record made of this hearing.

After termination, mother obtained counsel who timely filed a petition in error in this court (No. 50,581). As a basis for appeal, mother claims her right to due process was violated by the failure of the trial court to inform her of her right to court-appointed counsel if she so desired as she was unable to afford private counsel.

In April 1977, while the above appeal was pending (No. 50,581), the trial court, on motion of DISRS, vacated the appealed termination order. DISRS then filed a motion to dismiss appeal No. 50,581 on grounds it was moot. This court denied the motion.

On June 7, 1977, another hearing was held in which mother's rights were again terminated. Mother now appeals this termination order (No. 51,146), submitting trial court had no jurisdiction to vacate the first order of termination or to rehear the case on the *same* issue while first order was on appeal. The two appeals are consolidated for consideration by this court.

█ It is well settled in Oklahoma, that while an appeal is pending in the supreme court, the trial court is without jurisdiction to make any order materially affecting the rights of the parties to that appeal. Any such order is void.[2] An exception to this rule arises if the appeal is filed and the trial court exercises its jurisdiction under 12 O.S. 1971 § 1031.1 within 30 days.[3] Then the

"Within thirty (30) days after the rendition of a judgment, the court, of its own initiative or on motion of a party, may correct, open, modify or vacate the judgment. The court may prescribe what notice, if any, shall be given."

supreme court will stay the appeal pending final disposition of the case in the trial court.[4]

■ Absent a compliance with § 1031.1, the trial court loses its jurisdiction to make any order that pertains to the *same* issues then on appeal.[5] The order vacating the original termination and the subsequent hearing and order of June 7, are void and of no force and effect being untimely; see 12 O.S.1971 § 1031.1. Trial court had no authority to make these orders. We therefore reverse and remand in appeal No. 51,146 with directions to vacate the order of June 7, terminating mother's parental rights.

■ We also reverse the termination order of January 6, 1977 in appeal No. 50,581 on grounds mother had no counsel and was not advised that court would appoint counsel if she was indigent. We are unable to determine on what basis mother's rights were terminated as there is no transcript of the testimony of the first hearing. Thus we express no opinion as to the fitness of the mother. It is unknown to us whether order was sustained by the evidence.

Oklahoma has statutory authority for counsel to be appointed for indigent parties to a termination proceeding. 10 O.S.1971 §§ 24(a) and 1109(b) provide this authority:

10 O.S.1971 § 24(a) provides:

"*When it appears to the court* that the minor or his parent or guardian desires counsel but is indigent and cannot for that reason employ counsel, the court shall appoint counsel. * * * " (Emphasis ours).

10 O.S.1971 § 1109(b) provides:

"If the child or his parents, guardian, or other legal custodian requests an attorney and is found to be without sufficient financial means, counsel shall be appointed by the court if the child is being proceeded against as a delinquent child, or a child in need of supervision; or if termination of parental rights is a possible remedy, provided that the court may appoint counsel without such request, if it deems representation by counsel necessary to protect the interest of the child or of other parties."

No decision of this court has previously required the trial court, as a matter of constitutional due process, to advise parents in a termination order of their right to court-appointed counsel if they are shown to be indigent.

■ The Supreme Court of the United States holds the relationship of parents to their children to be a fundamental constitutionally protected right.[6] The fundamental nature of parental rights requires that the full panoply of procedural safeguards must be applied to child deprivation hearings.[7] This includes the right to counsel

We are persuaded by the rationale of *Davis v. Page*, 442 F.Supp. 258 (S.D.Fla. 1977). The district court equated child dependency hearings involving the state with criminal trials, stating:

"While a dependency proceeding is not a criminal proceeding, it is substantially similar. The state is the initiating party, the proceeding is formal, and the potential loss is quite substantial. Since the state is threatening the deprivation of a fundamental interest, it must provide counsel to indigent parents unless it can demonstrate a compelling state interest in not providing counsel. Since the state has no compelling interest in not providing counsel, the equal protection clause of

---

4. *Southeastern, Inc. v. Doty*, 481 P.2d 144 (Okl. 1971); *Orthopedic Clinic v. Jennings*, 481 P.2d 139 (Okl.1971).

5. An appeal does not divest the trial court of right to make orders regarding temporary custody and support during pendency. *Cochran v. Rambo*, 484 P.2d 500 (Okl.1971).

6. *Stanley v. Illinois*, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972); *Wisconsin v. Yoder*, 406 U.S. 205, 92 S.Ct. 1526, 32 L.Ed.2d 15 (1972);

*Meyer v. Nebraska*, 262 U.S. 390, 43 S.Ct. 625, 67 L.Ed. 1042 (1923); *Prince v. Massachusetts*, 321 U.S. 158, 64 S.Ct. 438, 88 L.Ed. 645 (1944); *Cleveland Board of Education v. LaFleur*, 414 U.S. 632, 94 S.Ct. 791, 39 L.Ed.2d 52 (1974); *Quilloin v. Walcott*, 434 U.S. 246, 98 S.Ct. 549, 54 L.Ed.2d 511 (1978).

7. *In re Welfare of Luscier*, 524 P.2d 906 (Wash. 1974).

the Fourteenth Amendment requires the provision of counsel to indigent parents in dependency proceedings."

The court found the great majority of courts have held due process requires the provision of counsel to indigent parents, citing decisions from Arkansas, California, Iowa, Maine, Michigan, Nebraska, New Jersey, Oregon, Pennsylvania, Washington, West Virginia and Florida.[8]

■ The United States Court further held that implicit in the right to counsel is the *right to notice that counsel will be provided without expense to the indigent parents.* Counsel must be appointed unless knowingly and intelligently waived. The court concluded a holding that indigent parents have a right to court appointed counsel carries with it the obligation to advise parents of their right. Where the assistance of counsel is a constitutional requisite, the right to be furnished counsel does not depend on request.[9]

Accordingly we reverse the January 6th termination order in appeal No. 50,581 and remand for new trial.

HODGES, C. J., and WILLIAMS, BARNES and SIMMS, JJ., concur.

LAVENDER, V. C. J., and DAVISON and BERRY, JJ., dissent.

IRWIN, J., concurs in part, dissents in part.

---

**8.** *Cleaver v. Wilcox,* 499 F.2d 940 (9th Cir. 1974); *Smith v. Edmiston,* 431 F.Supp. 941 (W.D.Tenn.1977); *United States ex rel. Reed v. Tinder,* No. 75–0454 CH (S.D.W.Va.1975); *Shappy v. Knight,* 251 Ark. 943, 475 S.W.2d 704 (1972); *In re Rodriguez,* 34 Cal.App.3d 510, 110 Cal.Rptr. 56 (Ct.App.1973); *Chambers v. District Court of Dubuque County,* 261 Iowa 31, 152 N.W.2d 818 (1967); *Danforth v. Maine,* 303 A.2d 794 (Me.1973); *Reist v. Bay County Circuit Judge,* 396 Mich. 326, 241 N.W.2d 55 (1976); *State v. Caha,* 190 Neb. 347, 208 N.W.2d 259 (1973); *Crist v. Division of Youth and Family Services,* 128 N.J.Super. 402, 320 A.2d 203 (1974); *In re B.,* 30 N.Y.2d 352, 334 N.Y.S.2d 133, 285 N.E.2d 288 (App.Div.1972); *State v. Jamison,* 251 Or. 114, 444 P.2d 15 (1968); *In re R.,* 455 Pa. 29, 312 A.2d 601 (1973); *In re Myricks,* 85 Wash.2d 252, 533 P.2d 841 (1975); *State ex rel. Lemaster v. Oakley,* 203 S.E.2d 140 (W.Va.1974). But see *Potvin v. Keller,* 313 So.2d 703 (Fla.1975).

**9.** See *Miranda v. Arizona,* 384 U.S. 436, 471, 86 S.Ct. 1602, 1626, 16 L.Ed.2d 694 (1964).