DICKINSON, Presiding Justice,
dissenting:
¶43. Chancellors have the power to sign orders that completely and permanently remove the rights parents have with respect to their children. These orders terminating parental rights mean the natural parents no longer are considered by the law to be the parents. They even have no right to visit their children.
1144. The issue here is the level of importance we place on those parental rights which, by the way, both this Court and the. United States Supreme Court have held to be fundamental.[7] Given that due process of law demands increasing procedural protections commensurate with the increasing significance of the right at issue,[8] what due process protections should we provide to parents who stand in jeopardy of such orders?
¶ 45. When the majority concludes that indigent parents — too poor to afford an attorney — must stand before the court without a lawyer and fight for their children, it is a commentary of the majority’s view of the importance of that right. I believe that most parents — given the choice of having an appointed lawyer either in a criminal case or an attempt to terminate their parental, rights — would prefer a lawyer to assist them in keeping then’ children. I regard no right as more sacred and fundamental than the right parents have in their children, and I would hold the Mississippi Constitution guaran *1169 tees indigent parents appointed counsel in all proceedings where they stand in jeopardy of the court terminating their parental rights.
¶ 46. In Lassiter v. Department of Social Services of Durham County, N.C., the United States Supreme Court recognized that its “decisions have by now made plain beyond the need for multiple citation that a parent’s desire for and right to ‘the companionship, care, custody and management of his or her children’ is an important interest that ‘undeniably warrants deference and, absent a powerful countervailing interest, protection.’”[9] And because parents possess a fundamental right to raise their children,[10] this Court has held that a child’s best interest will be served when his parent has custody,[11] and that a parent may not be deprived of custody without notice and a hearing.[12]
¶ 47. These precedents persuade me that in cases where the State presumes to use its power to dissolve an indigent parent’s parental rights, the time has come for this Court to recognize that indigent parents have a right to legal representation under the Mississippi Constitution.
¶ 48. The majority points out that few states have judicially required appointment of counsel for poor persons in proceedings to terminate parental rights. The majority fails to grasp, however, that the legislatures of many states have obviated the need for judicial action by statutorily guaranteeing this right. While I join the majority’s overture to the Legislature to join these other states and address the problem statutorily in Mississippi, I do not believe the Legislature’s action or inaction diminishes our duty to ensure the protection of constitutional rights under both the federal and state constitutions.
¶ 49. The Lassiter Court stopped short of recognizing an indigent parent’s categorical right to counsel.[13] Instead, the Supreme Court adopted a case-by-case analysis, balancing the three due process considerations against a presumption that no right to counsel exists.[14] But I believe the inquiry does not end here because “state courts are absolutely free to interpret state constitutional provisions to accord greater protection to individual rights than do similar provisions of the United States Constitution.”[15] And, in my view, both the text of the Mississippi Constitution and decisions from courts of other states lead to the conclusion that our state Constitution guarantees parents greater protections in termination cases than the United States Constitution.
¶ 50. Article 3, Section 14, of the Mississippi Constitution states that “[n]o per *1170 son shall be- deprived of life, liberty, or property except by due process of law.” Article 3, Section 25 requires that-“[n]o person shall be debarred from prosecuting or defending any civil cause for or against him or-herself, before any tribunal in the state, by him or herself, or counsel, or both.” And, Article 3, Section 32 explains that “[t]he enumeration of rights in this constitution shall not be construed-to deny and impair others retained by, and inherent in, the people.” These three provisions, coupled with the recognized fundamental right associated with the parent/child relationship, suggest to me that an, indigent parent is entitled to counsel when the State moves to terminate parental rights.
¶51. First, because termination proceedings affect a recognized fundamental right, Article 3, Section 14 requires that due process protections be afforded to the parent. Indeed, this Court already has recognized that Article 3, Section 25 may require the appointment of counsel under some circumstances.[16] So,- given the gravity of a parent’s liberty interest in a termination proceeding, I believe the lack of counsel denies a parent due process and meaningful access to the courts commensurate with the stakes of the litigation. And, the fact that neither provision specifically mentions a right to counsel in termination cases is immaterial, as Article- 3, Section 32 contemplates that these provisions guarantee rights that they do not specifically express.
¶ 52. This view finds support in other jurisdictions. In Lassiter, the Supreme Court recognized that “courts have generally held that the State must appoint counsel for indigent parents at termination proceedings.”[17] And, even after Lassiter, courts have recognized that,state constitutions provide greater protection than the United States Constitution.
¶ 53. For instance, in In re T.M., the Supreme Court of Hawaii held that “[i]n-herent in the substantive liberty interest that parents have in the care, custody, and control of their children under the Hawaii Constitution is the right to counsel to prevent erroneous deprivation of their parental interests.”[18] That court reasoned that “[The]State’s decision to deprive a parent of his or her child is often ‘more grievous’ than the State’s decision to incarcerate a criminal defendant.”[19] The court _ explained that:
a parent in termination proceedings may struggle with legal issues that are “neither simple nor easily defined,” and with a standard that is “imprecise and open to the subjective values of the judge.” A parent must “be prepared to adduce evidence about his or her personal abili *1171 ties and lack of fault, as well as proof of progress and foresight as. a parent[.]”[20]
¶ 54. Further, the court reasoned that “[mjandating the appointment of counsel for indigent parents ... would remove the vagaries of a case-by-case approach,” because under the case-by-case approach, a trial judge may not be able to predict prospectively which termination cases will involve complex issues requiring counsel.[21] A failure in this respect would result “in a remand for. further proceedings. Under such circumstances, the court’s ultimate determination regarding a child’s placement may be significantly delayed. Both parents and children face continued uncertainty regarding parental status and a child’s future.”[22]
¶ 55. I would reach the same conclusion here. A parent’s right to raise his or her child stands as one of the most fundamental liberty interests a person can possess. So that right cannot be deprived without the most serious due process protections, and that entails an attorney to defend the interest at stake. Because the majority' fails to recognize that constitutional protection for Mississippi parents, I respectfully dissent.
KITCHENS AND KING, JJ„ JOIN THIS OPINION.

. Vance v. Lincoln Cty. Dep't of Pub. Welfare, 582 So.2d 414, 417 (Miss.1991) (citing Prince v. Massachusetts, 321 U.S. 158, 64 S.Ct. 438, 88 L.Ed. 645 (1944)); Lassiter v. Dep’t of Soc. Servs. of Durham Cty., N.C., 452 U.S. 18, 27, 101 S.Ct. 2153, 2159, 68 L.Ed.2d 640 (1981) (citing Stanley v. Illinois, 405 U.S. 645, 651, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972)).

. Lassiter, 452 U.S. at 26-27, 101 S.Ct. 2153.

. Lassiter, 452 U.S. at 27, 101 S.Ct. 2153 (citing Stanley, 405 U.S. at 651, 92 S.Ct. 1208).

. Troxel v. Granville, 530 U.S. 57, 66, 120 S.Ct. 2054, 2060, 147 L.Ed.2d 49 (2000) (citing Washington v. Glucksberg, 521 U.S. 702, 720, 117 S.Ct. 2258, 138 L.Ed.2d 772 (1997)); Santosky v. Kramer, 455 U.S. 745, 753, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982); Parham v. J.R., 442 U.S. 584, 602, 99 S.Ct. 2493, 61 L.Ed.2d 101 (1979); Quilloin v. Walcott, 434 U.S. 246, 255, 98 S.Ct. 549, 54 L.Ed.2d 511 (1978); Wisconsin v. Yoder, 406 U.S. 205, 232, 92 S.Ct. 1526, 32 L.Ed.2d 15 (1972); Stanley, 405 U.S. at 651, 92 S.Ct. 1208.

.Smith v. Smith, 97 So.3d 43, 46 (Miss.2012) (citing Carter v. Taylor, 611 So.2d 874, 876 (Miss.1992) (quoting Rodgers v. Rodgers, 274 So.2d 671, 672 (Miss.1973))).

. Sinquefield v. Valentine, 159 Miss. 144, 132 So. 81, 83 (Miss.1931).

. Lassiter, 452 U.S. at 31, 101 S.Ct. 2153.

. Id.

. Arizona v. Evans, 514 U.S. 1, 8, 115 S.Ct. 1185, 1190, 131 L.Ed.2d 34 (1995) (citing Michigan v. Long, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983)).

. Wong v. Stripling, 700 So.2d 296, 304 (Miss.1997) ("The circuit court was correct in concluding that Dr. Wong was not entitled to counsel. Obviously, this revocation proceeding was not a criminal prosecution. Art. 3, § 25, of the Mississippi Constitution is the only i other-constitutional source for a right to counsel.”), overruled on other grounds by Adams v. U.S. Homecrafters, Inc., 744 So.2d 736, 741-43 (Miss.1999).

. Lassiter, 452 U.S. at 30, 101 S.Ct. 2153 (citing State ex rel. Heller v. Miller, 61 Ohio St.2d 6, 399 N.E.2d 66 (1980); Dep’t of Pub. Welfare v. J.K.B., 379 Mass. 1, 393 N.E.2d 406 (1979); In re Chad S., 580 P.2d 983 (Okla.1978); In re Myricks, 85 Wash.2d 252, 533 P.2d 841 (1975); Crist v. Div. of Youth and Family Servs., 128 N.J.Super. 402, 320 A.2d 203 (1974); Danforth v. Maine Dep’t of Health and Welfare, 303 A.2d 794 (Me.1973); In re Friesz, 190 Neb. 347, 208 N.W.2d 259 (1973)).

. In re T.M., 131 Hawai’i 419, 434, 319 P.3d 338, 354 (2014).

. Id. (citing Lassiter, 452 U.S. at 59, 101 S.Ct. 2153 (Stevens, J., dissenting)).

.In re T.M., 131 Hawai’i at 435, 319 P.3d 338 (quoting Lassiter, 452 U.S. at 45-46, 101 S.Ct. 2153 (Blackmun, J., dissenting)).

. In re T.M., 131 Hawai’i at 435, 319 P.3d 338.

. Id. at 436, 319 P.3d 338.