784 P.2d 89 (1989)
In the Matter of D.D.F. and S.D.F., Minor Children.
Michael Dee FARMER, Appellant,
v.
STATE of Oklahoma, ex rel. DEPARTMENT OF HUMAN SERVICES, and D.D.F. and S.D.F., Minor Children, Appellees.
No. 70785.
Court of Appeals of Oklahoma, Division No. 3.
October 24, 1989.
*90 Michael Dee Farmer, pro se.
Released for Publication by Order of the Court of Appeals of Oklahoma, Division No. 2.

MEMORANDUM DECISION BY ORDER
HANSEN, Presiding Judge.
Michael D. Farmer appeals from a judgment of the trial court terminating his parental rights to his two adopted children. Farmer is serving time at Connors Correctional Center pursuant to his conviction for lewd molestation of his two children. Court appointed counsel represented Farmer at his trial. However, the trial court denied his request for court appointed counsel to prosecute the present appeal. In his pro se appeal, Farmer alleges this to be error. We agree.
10 O.S. 1987 Supp. § 1109(A), under Chapter 51 covering Delinquent, Dependent and Neglected Children, provides in pertinent part:
"... No such questioning shall commence until the child and his parents, or guardian, or other legal custodian have been fully advised of the constitutional and legal rights of the child, including the right to be represented by counsel at every stage of the proceedings, and the right to have counsel appointed by the court if the parties are without sufficient financial means... ."
This provision is aimed primarily at appointment of counsel for a child alleged to be delinquent. This provision mandates appointment of counsel for a child to pursue any appeal. It does not specifically require appointment of counsel for an indigent parent on appeal from a termination of parental rights. However, subsection B. of § 1109 provides:
"If the parents, guardian, or other legal custodian of the child requests an attorney and is found to be without sufficient financial means, counsel shall be appointed by the court if a petition has been filed alleging that the child is a deprived child, a child in need of supervision, or a child in need of treatment, or if termination of parental rights is a possible remedy,... ."[1]
In addition 20 O.S. 1981 § 1304 authorizes claims against the court fund for "attorney's fees for indigents in the trial court and on appeal." This section does not limit such claims to criminal appeals.
In Matter of Chad S., 580 P.2d 983 (Okla. 1978), the Oklahoma Supreme Court, citing decisions of the United States Supreme Court, set forth its policy affecting proceedings in this state to terminate parental rights. The relationship of parents to their children is a fundamental, constitutionally protected right. The fundamental nature of parental rights requires that the full panoply of procedural safeguards must be applied to child deprivation hearings. This includes the right to counsel.
The Supreme Court has continued to give parents procedural and due process protections when severance of their parental *91 bonds is threatened.[2] Because such an action is "civil" by description does not preclude granting parents in this situation rights equivalent to those granted a criminal defendant under our constitutional protection of fundamental rights.[3]
By statute, Farmer, as an indigent, was entitled to, and provided with, court appointed counsel for the trial. Given the fundamental rights involved in a termination proceeding, and the public policy reflected by state statutes and court decisions, that right to counsel must be extended to court appointed counsel on appeal.
Accordingly, that portion of the trial court's order denying Farmer's request for court appointed counsel to pursue his appellate review is vacated and the cause remanded with directions to the trial court to appoint counsel for Farmer, as an indigent, to be paid as statutorily authorized. Farmer will then be granted thirty days from that appointment in which to file an Amended Petition in Error. Supplemental briefing will follow as set out in 10 O.S. 1981 § 1123. The merits of Farmer's appeal will be addressed upon completion of supplementary briefing.
HANSEN, P.J., BAILEY, C.J., and REYNOLDS, J., concur.
NOTES
[1] See also 10 O.S. 1981, § 24.
[2] Parents have a constitutional right to trial by jury in termination of parental rights. A.E. v. State, 743 P.2d 1041 (Okla. 1987); To protect procedural due process right of parents in termination proceedings, judges must advise parents of the conditions which resulted in their child being declared deprived; Trial court's refusal to appoint counsel to represent a child in a proceeding to terminate rights of natural parents is error. Matter of T.M.H., 613 P.2d 468 (Okla. 1980). In litigation to terminate parental rights, the claimant must prove by clear and convincing evidence the parental potential for harm to the child by abuse or neglect. Matter of C.G., 637 P.2d 66 (Okla. 1981).
[3] Stanley v. Illinois, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972).