1999 OK CIV APP 40

**In the Matter of S.P., J.R., and M.R., Alleged Deprived Children.**

**State of Oklahoma, Plaintiff/Appellee,**

v.

**Robin Harris, Defendant/Appellant.**

**No. 91,692.**

Court of Civil Appeals of Oklahoma, Division No. 3.

March 5, 1999.

---

Robin Harris, Claremore, Oklahoma, Appellant, Pro Se.

James W. Ely, Jr., Assistant District Attorney, Claremore, Oklahoma, For Appellee.

1. Although the Application for Appointed Counsel and Affidavit of Financial Inability to Employ Counsel, dated July 27, 1998, and the trial

*OPINION*

GARRETT, Judge:

¶ 1 Appellant, Robin Harris, is the natural mother of S.P., J.R. and M.R. Appellee's petition to declare the children to be deprived came on for hearing before the court, a jury having been waived. Appellant and her court appointed attorney participated in the hearing. At the close of the hearing the court entered judgment that the children were deprived. Thereupon, Appellee's previously filed motion to terminate Appellant's parental rights was called for hearing. Prior to the start of the termination hearing, Appellant, in open court, announced her desire to execute a relinquishment of her parental rights in favor of the natural fathers of the children. Apparently, the court approved her relinquishment when it was presented. The two page document, on the second page, bears the signature of the judge which appears to be an approval. Several days later, Appellant filed a request to withdraw the relinquishment. The request was denied and Appellant appeals. The appellate record does not contain a transcript, although Appellant indicated one would be ordered.

¶ 2 For reversal, Appellant contends:

1. The trial court erroneously denied her request for a court-appointed attorney for this appeal.

2. The consent Appellant signed is not legally sufficient to be a predicate to a termination of parental rights.

■ ¶ 3 Appellant contends the trial court erred by denying her request for a court-appointed attorney on appeal, arguing her financial status had not changed since the trial, when the court appointed counsel. Court-appointed appellate counsel for an indigent parent is required in cases involving the termination of parental rights. *Matter of D.D.F.*, 1989 OK CIV APP 71, 784 P.2d 89. In the instant case, the trial court's alleged reason for denying the request was, "Needs to make employment efforts." [1] We agree with Appellee that the error was waived due to the fact that the brief Appellant filed, and

court's denial, are attached to Appellant's Petition in Error, we find no such document in the appellate record.

the certificate of mailing attached to the brief, were both signed by an attorney, Linda Stoia Lepak, one of Appellant's court-appointed attorneys in the trial court. *C.f. Matter of S.T.G.*, 1991 OK 11, 806 P.2d 636 wherein the Supreme Court said that although an appellant began her appeal pro se, Legal Aid at some point began representing her. The *S.T.G.* Court found she was "ably represented on appeal" and was not prejudiced by the trial court's error in refusing to appoint counsel on appeal.

¶ 4 The relinquishment signed by Appellant recites it is in accordance with "10 O.S. § 27[2] et seq." 10 O.S.1991 § 30 (Repealed June 11, 1998) provided:

§ 30. **Requisites of relinquishment**

The relinquishment shall:

**2.** 10 O.S.1991 § 27 was amended and renumbered to 10 O.S. Supp.1998 § 7202.2 on June 11, 1998. As effective on May 13, 1998, it provided:
   No person may assign, relinquish, or otherwise transfer to another his rights or duties with respect to the permanent care or custody of a child, except to the parents, or to the relatives within the fourth degree, of the child concerned, unless specifically authorized or required so to do by an order or judgment of a court of competent jurisdiction or unless by a relinquishment executed in writing in accordance with the provisions of this act or of Section 47 of Title 44 of the Oklahoma Statutes.

**3.** Section 7006–1.1(A)(1) provides:
   1. Upon a written consent of a parent, *including a parent who is a minor, acknowledged as provided in paragraph 4 of subsection B of Section 7503–2.1 of this title,* who desires to terminate such parent's parental rights; provided that the court finds that such termination is in the best interests of the child; . . . . [Emphasis supplied.]

**4.** C. A permanent relinquishment shall be in writing, executed before a judge of the district court in this state, recorded by a court reporter and contain:
   1. The date, place, and time of the execution of the permanent relinquishment;
   2. The name and date of birth of the person executing the permanent relinquishment;
   3. The current mailing address, telephone number and social security number of the person executing the permanent relinquishment; and
   4. Instructions that the permanent relinquishment is irrevocable, except upon the specific grounds specified in Section 7503–2.7 of this title, upon which the permanent relinquishment can be revoked and the manner in which a

(1) be signed by the person or persons by whom it is executed;
(2) identify the child or children relinquished; and
(3) be acknowledged before the court.

¶ 5 Appellant contends the trial court erroneously applied 10 O.S.1991 § 27 to this case, and contends it applies only when a parent relinquishes the care and custody of a child to a relative in the fourth degree or to foster care. She contends the statute controlling termination of parental rights based on the consent of a parent is 10 O.S. § 7006–1.1(A)(1)[3], and it requires that the consent be acknowledged as required by 10 O.S. § 7501–1.1 et. seq., which is the Oklahoma Adoption Code. Specifically, she refers to 10 O.S. § 7503–2.3(C) and (D),[4] which she contends sets out the elements of a permanent

motion to set aside the permanent relinquishment must be filed.
   D. A permanent relinquishment must state:
   1. That the person executing the document is voluntarily and unequivocally consenting to the adoption of the minor;
   2. An understanding that after the permanent relinquishment is executed, it is final and, except for fraud or duress, may not be revoked or set aside for any reason except as otherwise authorized by the Oklahoma Adoption Code;
   3. That the person executing the permanent relinquishment is represented by counsel or has waived any right to counsel;
   4. That the execution of the permanent relinquishment does not terminate any duty of the person executing the permanent relinquishment to support the mother or the minor until the adoption is completed;
   5. That the person executing the permanent relinquishment has not received or been promised any money or anything of value for the permanent relinquishment, except for payments authorized by law;
   6. Whether the individual executing the permanent relinquishment is a member of an Indian tribe and whether the minor is eligible for membership or the minor is a member of an Indian tribe;
   7. That the person believes the adoption of the minor is in the minor's best interest; and
   8. That the person executing the permanent relinquishment has been advised that an adult adopted person born in Oklahoma, whose decree of adoption is finalized after November 1, 1997, may obtain a copy of such person's original certificate of birth unless affidavits of nondisclosure have been filed pursuant to Section 7503–2.5 of this title and that the relinquishing parent may sign an affidavit of nondisclosure. [Footnote omitted.]

---

**1120** ∎

relinquishment, and which [she says] were not followed in this case.

¶ 6  Appellee contends the Adoption Code is not relevant to this case, and that, in fact, § 7006–1.1(C) provides that it is inapplicable:

C.  The provisions of this section shall not apply to adoption proceedings and actions to terminate parental rights which do not involve a petition for deprived status of the child.  Such proceedings and actions shall be governed by the Oklahoma Adoption Code.

¶ 7  We agree that the Adoption Code is not applicable to this case.  When a *minor parent* voluntarily gives written consent for terminating parental rights, a more stringent procedure is required, as provided in § 7503–2.3(C) and (D).  There is no contention this Appellant was a minor at the time of her written relinquishment.  The issue remains, however, whether 10 O.S.1991 §§ 27 et seq., or § 7202.2, was the proper statute to follow in this case.

¶ 8  Sections 27 et seq. of Title 10, substantially included in § 7202.2, is now a part of the group of statutes involving relinquishment of custody and foster care of a child.  Termination of parental rights, following an adjudication that a child is deprived, is not addressed therein.  It is unnecessary to decide whether §§ 27 et seq. were the appropriate or inappropriate statutes because the procedural safeguards found within the Oklahoma Children's Code, 10 O.S. Supp.1998 §§ 7001–1.1 et seq., which we hold is applicable, were afforded Appellant in this case.

¶ 9  In *Matter of P.E.K.*, 1994 OK CIV APP 56, 875 P.2d 451, the Court said:

By statute, a court is empowered to terminate parental rights at the request of the parents, if it is in the best interests of the child to do so.  10 O.S.1991 § 1130(A)(1) and (D).  However, termination of parental rights as a dispositional alternative following an adjudication that a child is deprived must be pursued in a manner consistent with other statutory policies and directives.  (FN2) Whenever a child is adjudicated to be a ward of the court and placed in the custody of the Department of Human Services, the Legis-

lature has declared its intent that the preferred placement of the child is in his home, and that any placement should be made to "preserve and strengthen the family ties of the child whenever possible."  10 O.S.1991 § 1135(A).  To carry out this intent, the Legislature has placed a general mandatory duty upon the Department of Human Services to "review and assess each child committed to it to determine the type of placement consistent with the treatment needs of the child [including] an investigation of the personal and family history of the child, and his environment, and any physical or mental examinations considered necessary."  10 O.S.1991 § 1135(B).

Footnote 2 in *Matter of P.E.K.* is as follows:

Title 10 O.S.1991 § 1130(D) does authorize termination of parental rights upon petition of the parents without a predicate finding that the child is delinquent, deprived, or in need of supervision; however, in cases where there is such a predicate adjudication, termination as a dispositional alternative must follow statutory procedure governing post-adjudication disposition of the child.

∎  ¶ 10  In *Matter of P.E.K.*, the court terminated the parental rights of the parent, upon the written voluntary relinquishment of parental rights, immediately after the child was adjudicated deprived.  This Court held the trial court should have followed the statutory procedures in the Children's Code, under 10 O.S.1991 § 1130, renumbered § 7006–1.1 in 1995, before terminating parental rights, because the proceeding was started as a deprived child proceeding.  Alternatives to termination were not considered.  We acknowledge the factual distinction in the instant case, as Appellant was present with her attorney at the hearing on the motion to terminate her parental rights, after repeated review proceedings, when she signed her relinquishment.  In fact, when the court was advised Appellant wished to relinquish her parental rights, the hearing came to an end.  This occurred because of Appellant's voluntary decision to sign the relinquishment.  However, we find *Matter of P.E.K.*, supra, persuasive in its

holding that when a case begins with a petition alleging children are deprived under the Children's Code, 10 O.S. Supp.1998, §§ 7001–1.1 et seq., the statutes regarding termination of parental rights under the Code, together with all of the constitutional safeguards thereunder, must be followed.

¶11 Under 10 O.S. Supp.1998 § 7006–1.1(A)(1), the court may terminate a parent's parental rights to a child "[u]pon a written consent of a parent, ... *provided that the court finds that such termination is in the best interests of the child".* [Emphasis supplied.] The relinquishment signed by Appellant contains the following statement:

3. That it is in the best interest of the minor children herein that I relinquish all of my parental rights relating to those children.

¶12 The relinquishment has the trial judge's signature at the bottom of the second page. This constitutes an approval of Appellant's relinquishment and is a finding that it is in the best interests of the children. We hold this to be sufficient under § 7006–1.1(A)(1), as a finding by the trial court that the termination of Appellant's parental rights is in the best interests of the children.

¶13 We perceive no error as alleged.

¶14 AFFIRMED.

JOPLIN, J., and BUETTNER, P.J., concur.