245 P.3d 1266 (2010)
2010 OK CIV APP 136
In the Matter of M.H., a deprived child,
State of Oklahoma, Petitioner/Appellee,
v.
Tiffany Smith, Respondent/Appellant.
No. 107,939. Released for Publication by Order of the Court of Civil Appeals of Oklahoma, Division No. 3.
Court of Civil Appeals of Oklahoma, Division No. 3.
October 29, 2010.
*1267 John Brasher, Assistant District Attorney, Tulsa, OK, for Petitioner/Appellee.
N. Blaine Frierson, Tulsa, OK, for Respondent/Appellant.
C. Kevin Morrison, Assistant Public Defender, Tulsa, OK, for the Minor Child.
BAY MITCHELL, Judge.
¶ 1 Appellant Tiffany Smith (Mother) appeals an Order denying her Motion for New Trial and Motion to Vacate (Motion to Vacate) the order terminating Mother's parental rights to her minor child, M.H. When the termination proceeding was set for trial Mother was served by publication. She failed to appear at trial and her parental rights were ordered terminated. Mother contends she was denied due process based upon lack of actual notice of the Motion to Terminate or the termination hearing.
¶ 2 "In passing upon a claim that the procedure used in a proceeding to terminate parental rights resulted in a denial of procedural due process, we review the issue de novo." In the Matter of A.M. & R.W., 2000 OK 82, ¶ 6, 13 P.3d 484, 487. "De novo review requires an independent, non-deferential re-examination of another tribunal's legal rulings." Id. "In the context of a proceeding to terminate parental rights, the essence of procedural due process is a `meaningful and fair opportunity to defend.'" Id. at ¶ 9, 13 P.3d at 487. This Court must determine on a case-by-case basis whether the parent was afforded the appropriate level of process. Id.
¶ 3 On October 6, 2006, the State of Oklahoma filed a deprived child petition alleging M.H. was a deprived child. Mother stipulated to the deprived petition on November 2, 2006. A motion to terminate Mother's parental rights was filed in February 2008, but later withdrawn when Mother was found to be in substantial compliance with her treatment plan. Mother's attorney entered an appearance on February 8, 2008. A trial reunification occurred in August 2008. However, by January 2009, Mother had ceased all contact with the Department of Human Services (DHS). Mother and M.H. had apparently moved without notifying DHS of a new address.
¶ 4 On April 15, 2009, the State filed a new Motion to Terminate Mother's parental rights for failure to correct conditions pursuant *1268 to 10 O.S.2001 § 7006-1.1(A)(5).[1] Summonses were issued in May 2009 for personal service of the termination motion on Mother at the last two addresses known to DHS. Mother was not found at either address and the summonses were returned undeliverable. On July 30, 2009, the State filed a certificate of mailing stating a "notice of publication," had been mailed to Mother at her two last known addresses. This was not sent to Mother's attorney. On August 3, 2009, the State filed an "Application and Affidavit for Publication" seeking to serve Mother with the Notice of Hearing and Summons by publication, claiming searches of multiple electronic databases yielded no information on Mother's whereabouts. The State's attorney/affiant stated due diligence did not yield any information regarding Mother's mailing address, residence or current location. This was not mailed to or served on Mother's attorney. On the same date, the trial court authorized service by publication. Notice of Hearing was published in the Tulsa Daily Commerce and Legal News on August 7th, 14th and 21st. No copy was mailed to Mother's attorney.
¶ 5 The hearing on the Motion to Terminate was held on September 3, 2009, and no appearance was made by Mother or Mother's attorney. Mother's rights were terminated for failure to correct conditions pursuant to 10 O.S.2001 § 7006-1.1(A)(5) and also pursuant to § 7006-l.1(A)(15) for the reason that M.H. had been in foster care for 15 of the most recent 22 months. This latter ground was not included in the Motion to Terminate. In accordance with 10 O.S.2001 § 7006-1.2(A)(3)(c), the termination became final and was filed on September 18, 2009. The termination order was not sent to Mother's attorney.
¶ 6 Mother filed her Motion to Vacate on October 16, 2009. She alleged the State failed to provide her and her attorney notice of the hearing and an opportunity to be heard. She raised various statutory grounds in 12 O.S.2001 §§ 651 and 1031 including irregularity, accident or surprise, misconduct, unavoidable casualty or misfortune and no actual notice.
¶ 7 The State responded claiming notice of the hearing to Mother's attorney of record was not required pursuant to 10A O.S. Supp. 2009 § 1-4-905.[2] The State claimed Mother also failed to establish she had no notice of the hearing or that unavoidable casualty or misfortune prevented her from appearing at the termination hearing. The State contended it used its best efforts and diligence in attempting to locate Mother, but was forced to resort to notice by publication.
¶ 8 At the hearing on Mother's Motion to Vacate, Mother's attorney argued that he should have been given notice of the Motion to Terminate and of the hearing on same. He admitted he had no knowledge of Mother's location at the time of hearing on the Motion to Terminate. He indicated, however, if he had been provided notice of the Motion to Terminate and the hearing, he would have provided another address in Oklahoma City for Mother, which was different from the two addresses DHS had. He also indicated he had Mother's parents' address and knew how to contact other family members in Oklahoma City as well.
¶ 9 While the State claims it served a copy of the Motion to Terminate upon Mother's *1269 attorney, he denies receiving it and the certificate of service attached to the Motion lists no address to which the Motion was mailed. As such, the certificate of service on the Motion to Terminate is deficient, and, if anything, supports Mother's attorney's denial that he received a copy of the Motion. The trial court denied the Motion to Vacate.
¶ 10 The State concedes it did not provide a copy of the Notice of Hearing and Summons to Mother's attorney, but nonetheless argues notice to Mother's attorney was not required pursuant to 10A O.S. Supp.2009 § 1-4-905. Although true, this argument misses the point. This statute and its predecessor, 10 O.S.2001 § 7006-1.2, require personal service by summons on the parent whose rights are being terminated. Those specific statutes do not address the situation where that parent is already represented by an attorney who has entered his appearance in the case. In no way do those statutes even imply that notice to an attorney of record is not required. Although the attorney was not required to be "served" with the summons and notice of hearing as the State was required to "serve" Mother, he was entitled to a copy of anything filed in the case, especially the motion to terminate his client's parental rights and the notice of the hearing on that motion.
¶ 11 Nothing in Title 10 and now Title 10A of the Oklahoma Statutes excuses a litigant's failure to comply with the Oklahoma Rules of Civil Procedure. The absence of specific language in these titles requiring copies of court filings to be served on attorneys of record in no way justifies the failure to do so. This is fundamental to any litigation practice. An attorney who enters an appearance in a case on behalf of a party is entitled to receive a copy of any pleading filed therein. The State had an absolute duty pursuant to 12 O.S. Supp.2007 § 2005 to provide Mother's attorney with notice of the hearing on the Motion to Terminate Mother's parental rights. It failed to do so and then took what, in effect, was a default judgment against the attorney's client. By so doing, the State eliminated the possibility that Mother's attorney could locate Mother and secure her presence at trial and provide a defense to the State's case.
¶ 12 The integrity of the family unit and preservation of the parent-child relationship command the highest protection in our society. Davis v. Davis, 1985 OK 85, ¶ 17, 708 P.2d 1102, 1109. It has been held many times that the companionship, care and management of one's child is a fundamental interest protected by both the United States Constitution and the Oklahoma Constitution. E.g., Santosky v. Kramer, 455 U.S. 745, 753, 102 S.Ct. 1388, 1394-95, 71 L.Ed.2d 599 (1982); J.V. v. State, 1977 OK 224, ¶ 3, 572 P.2d 1283, 1284; Matter of Adoption of Darren Todd H., 1980 OK 119, ¶ 18, 615 P.2d 287, 290; In re T.H.L., 1981 OK 103, ¶ 4, 636 P.2d 330, 332; Matter of the Adoption of L.D.S., 2006 OK 80, ¶ 11, 155 P.3d 1, 4. The termination of a right so fundamental dictates an application of the full array of procedural safeguards. Matter of Chad S., 1978 OK 94 ¶ 12, 580 P.2d 983, 985; Matter of AM. and R.W., 2000 OK 82, ¶ 8, 13 P.3d 484, 487. Because of the fundamental right which parents have in the custody of their children and the gravity of the sanction imposed by termination, there is no substitute to fully complying with all procedural safeguards.
¶ 13 All procedural safeguards in this case were not complied with. Because service of the Motion to Terminate and Notice of Hearing upon Mother's attorney of record was required pursuant to 12 O.S. Supp.2007 § 2005(B), the State failed to provide Mother the highest level of due process to which she was entitled. Terminating a mother's parental rights is too serious to permit procedural shortcuts.
¶ 14 REVERSED AND REMANDED.
BELL, V.C.J, concurs.
JOPLIN, P.J, dissents.
NOTES
[1] Title 10 O.S.2001 § 7006-1.1(A)(5) provides that parental rights may be terminated based on these four findings:

a. the child has been adjudicated to be deprived, and
b. such condition is caused by or contributed to by acts or omissions of the parent, and
c. termination of parental rights is in the best interests of the child, and
d. the parent has failed to show that the condition which led to the adjudication of a child deprived has been corrected although the parent has been given not less than the time specified by Section 7003-5.5 of this title to correct the condition...
This statutory provision was renumbered as Title 10A § 1-4-904(B)(5), effective May 21, 2009.
[2] The Oklahoma Children's Code, 10 O.S.2001 § 7001-1.1 et seq. was replaced, rewritten and renumbered with the changes becoming effective May 21, 2009. The State's Motion to Terminate was filed in April 2009 and the applicable statute in effect at that time was 10 O.S.2001 § 7006-1.2. This section mandates that notice of the hearing on an application to terminate parental rights be served "in the same manner as summons is served in civil cases ..."